McKINSTRY and another *vs.* THURSTON.

This court decides upon *questions of fact*, when application is made for the exercise of its equitable powers, if on an examination of the facts there be no reasonable doubt as to the truth of the case; but if the testimony be so contradictory as that the truth cannot be discovered with certainty, and it becomes requisite to judge merely on the credibility of witnesses, a *feigned issue* will be awarded.

October 9.   THE defendant confessed a judgment in favor of the plaintiffs in a large sum, for the purpose of securing and paying his creditors in the order specified in a classification accompanying the confession. McKinstry and other creditors of the defendant alleged that the amount directed to be paid to Phebe W. Thruston, one of the creditors of the first class, exceeded the debt due to her, and moved the court that she be restricted to a certain sum, or that a feigned issue be ordered to ascertain the amount due to her. Voluminous affidavits were read.

*The Court*, the CHIEF JUSTICE presiding, came to the conclusion that there were no grounds to impeach the fairness of the transaction in respect to the debt, the amount of which was sought to be reduced ; and in delivering his opinion, the chief justice observed : " Having come to this conclusion, it is almost superfluous to say that this is not a proper case for a feigned issue. The application is made to the equitable powers of the court ; and, in such cases, it is competent and pro-

per, and even necessary, for the court to decide questions of fact. If the testimony be so contradictory as that the truth cannot be discovered with certainty, and it becomes requisite to judge merely on the credibility of witnesses, a feigned isssue should be awarded. Whether an issue shall be awarded, is a question which addresses itself to the sound discretion of the court, upon some question of fact, which the court is unable to decide, from the difficulty of weighing contradictory testimony. Where there has been no resonable doubt upon the mind of the court, it has decided the fact without an issue. In this case, I have already remarked, that there is in fact no contradictory testimony, within the true meaning of the term; there is no material fact *asserted* on the one side and *denied* on the other. The credibility of witnesses is not drawn in question. I cannot say that the facts are left at all doubtful on my mind. This, therefore, is not a case where a feigned issue is necessary or proper."