Lake *v.* Cook.

---

WILLIAM A. LAKE, Plaintiff in Error, *v.* FRANKLIN C. COOK, Defendant in Error.

ERROR TO KANE.

Courts of law exercise an equitable jurisdiction over judgments entered by confession upon bonds and warrants of attorney.

If it clearly appears that a plaintiff was not entitled to judgment, it should be vacated; if the case is involved in doubt, an issue should be directed to try the question. For the security of the plaintiff, the judgment may stand until the merits of the case are heard and determined.

ALL the facts of this case are stated in the opinion of the chief-justice.

The application was heard in the circuit court of Kane county, before J. G. WILSON, Judge, at May term, 1853.

30 *

FARNSWORTH and FERGUSON, for plaintiff in error.

T. L. DICKEY, for defendant in error.

TREAT, C. J.   At the November term, 1852, of the Kane circuit court, F. C. Cook filed a declaration in assumpsit against W. A. Lake upon a promissory note, bearing date the 25th of July, 1849, made by Lake to Cook, for the sum of $290, payable in one year with interest.   He also filed therewith a warrant of attorney executed by Lake at the same time, authorizing a confession of judgment on the note.   It contained this provision : " No writ of error or appeal shall be prosecuted upon the judgment entered by virtue hereof; nor any bill in equity filed to interfere in any manner with the operation of said judgment; and to release all errors that may intervene in the entering up of said judgment, or issuing execution thereon." Judgment was thereupon entered in favor of Cook, for $370.

At the February term, 1853, Lake entered a motion to set aside the judgment, which was continued at the instance of Cook.   At the next term, the motion was heard upon the following affidavits.   The defendant swore, that " the note and warrant of attorney upon which the judgment was entered, were given without any consideration of any name or nature, but were fraudulently obtained by Cook from deponent.   And deponent had no notice whatever, that Cook intended to enter judgment on the note and warrant of attorney, or that such judgment was entered, until after the adjournment of this court at the November term ; nor until an execution had been issued thereon, sometime in the month of December last.   This deponent therefore prays, that the judgment and execution, and all proceedings subsequent to the declaration, be set aside, and he be permitted to plead to the declaration, and defend the suit." Dorcas Lake testified, " that she was present when the note was given by Lake to Cook, and saw the same; that Cook brought the note and power of attorney attached, ready filled up, to the hotel Lake was keeping, and into a room where were this affiant and Lake and his wife, and then stated to Lake that he wanted the note executed by him, in order to prevent Austin Barnum from taking away certain property from the hotel; that Lake was opposed to signing the note, and stated to Cook that he was afraid he would take advantage of him by it, but Cook assured Lake that he would take no advantage of him with the note, and that he could not if he wanted to; that the note was given without any consideration whatever; that it was actually given about the fore part of March, 1851, and was dated back."

Sophronia Lake swore, that "she was present at the giving of the note mentioned in the affidavit of Dorcas Lake, and that the facts in the affidavit stated are true." The defendant, in a second affidavit, stated, "that the matters stated in the affidavit of Dorcas Lake are true; and further, that Cook antedated the note to make it the same date of a note for the same amount, which this deponent gave Cook, which was secured by a chattel mortgage, and which had been paid by this affiant, and taken up before this note was given." Austin Barnum swore, "that Cook, about the 6th day of February, 1851, in a conversation with this affiant, told this affiant that Lake did not owe him any thing; they had settled and squared every thing up." The plaintiff testified, that "the note upon which the judgment was entered, was given for a good, lawful, and valid consideration; the note was given by Lake to your affiant for rent then due this affiant, and for household property sold by this affiant to Lake; your affiant would also swear that the note was not obtained fraudulently or wrongfully, as is stated in Lake's affidavit, but was obtained only in the manner above stated by your affiant." A. M. Herrington stated, that "he is the subscribing witness to the note upon which judgment was entered; that Cook gave the note to affiant, stating that it was agreed between Lake and him, that affiant should be the subscribing witness; that a short time afterwards, within the space of two weeks, affiant presented the note to Lake, when he told this affiant that the note was all right, and that it was the agreement between himself and Cook that affiant should be the subscribing witness; affiant knows this was in the year 1850, and as to this he cannot be mistaken; affiant knows of his own knowledge, that Lake was indebted to Cook for furniture and household goods, and for rent about said time." The court denied the motion, and the defendant sued out a writ of error.

Courts of law exercise an equitable jurisdiction over judgments entered by confession upon bonds and warrants of attorney. Frasier *v.* Frasier, 9 Johns. 80; Wintringham *v.* Wintringham, 20 Ib. 296; Barrow *v.* Bispham, 6 Halsted, 110. It is observed by the chancellor in Brinkerhoof *v.* Marvin, 5 Johns. C. R. 320: "And it is necessary to justice, that courts of law should possess, and liberally exercise that jurisdiction." Where an application is made for the exercise of this equitable power, and it clearly appears that the plaintiff was not entitled to judgment on the bond and warrant of attorney, the court should vacate the judgment, and leave him to pursue the ordinary remedy by action: but if the case is involved in doubt, or the testimony is so contradictory that the truth cannot be ascer-

tained with reasonable certainty, an issue should be directed to try the question; in other words, the defendant should be let into a defence on the merits. Harrod *v.* Benton, 8 Barnewall & Cresswell, 217; Morey *v.* Shearer, 2 Cowen, 465; McKinstry *v.* Thurston, 12 Wend. 222. The court may fully protect the rights of the parties, by staying all proceedings on the judgment, and permitting it to stand as security, until the merits of the case are heard and determined. The lien of the plaintiff may thus be preserved, while the defendant will not be harassed by execution. If the defence is successful, the judgment falls; if otherwise, the judgment is to be enforced. Denton *v.* Noyes, 6 Johns. 296; Ensly *v.* Wright, 3 Barr, 501; Lyon *v.* Bailvin, 2 Gilm. 629.

We think the court should so far have opened the case, as to allow the defendant a trial on the merits. He had no notice of the entering of the judgment, and therefore could not have interposed his defence at that time. He made this application at the earliest opportunity, and was not justly chargeable with any laches in the assertion of his rights. If the note was executed without any consideration, he certainly should be permitted to show the fact, and thus defeat a recovery by the plaintiff. It will not be necessary to determine, whether the proof introduced on the hearing of the motion established this defence. It is sufficient to say, that it strongly tended to that conclusion. Enough was shown to require an issue to try the question. The facts could not be satisfactorily ascertained from *ex parte* affidavits, but ought to be found by a jury upon a full examination of the witnesses. It required a thorough investigation of the circumstances of the case to decide the question. The defendant ought not to be concluded by the judgment, until such an investigation has been had.

The stipulation in the warrant of attorney, that error should not lie upon the judgment, does not preclude the defendant from maintaining this writ of error. The writ is not prosecuted upon the judgment entered on the warrant of attorney. It is brought upon a decision made in a subsequent stage of the case. It is not the entering of the judgment, but the overruling of the motion, that is assigned for error. The sustaining of the writ of error does not reverse the judgment, but leaves it in force.

The order refusing the motion must be reversed, and the cause will be remanded, with directions to the court to allow the defendant to plead to the merits; and to stay proceedings on the judgment, and permit it to stand as security, until the issues tendered by him are determined.

*Order reversed.*