# SEYMOUR F. NORTON

*v.*

# ANDREW W. ALLEN.

CONFESSION OF JUDGMENT—*practice as to letting in defense.* In the exercise of equitable jurisdiction by courts of law over confessions of judgment by warrant of attorney, the court may set aside such judgments, in whole or in part, to let in a defense to the merits. But the rights of the parties can be as fully protected by staying all proceedings and letting the judgment stand as a security until the merits of the defense are heard and determined. If the defense is successful, the judgment will then be set aside, otherwise continue in force. .

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an application by the appellant, to have a judgment by confession, in favor of the appellee, set aside, and let in a defense to the merits.

Mr. M. BLANCHARD, for the appellant.

Mr. J. H. BISSELL, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

There is nothing in this case to warrant the interference of this court in behalf of appellant.

The usual warrant of attorney to confess judgment, with attorney's fee of thirty dollars in addition, was attached to the note. In the exercise of a sort of equitable jurisdiction over confessions of judgment by warrant of attorney, courts often set aside such judgments, in whole or in part, in order to let in a defense to the merits. But the court can fully protect the rights of the parties as well by staying all proceedings on the judgment, and permitting it to stand as security until the merits of the case are heard and determined. In this way, whatever lien the plaintiff may have is preserved, and the defendant protected from an execution. If the defense is successful, the judgment falls, otherwise it will be enforced. *Lyon* v. *Boilvin*, 2 Gilm. 629 ; *Lake* v. *Cook*, 15 Ill. 353.

In this case the judgment was not set aside, but appellant was permitted to make his defense, and after a full investigation by the court, sitting as a jury, the amount due was established, and, as we think, in conformity with the proof.

The warrant of attorney authorized a charge of thirty dollars for attorney's fee, but the court allowed fifteen dollars only, and also deducted the interest claimed by appellant to be usurious.

We can not see but that full justice has been done in the case, and, believing so, affirm the judgment.

*Judgment affirmed.*