## Edwin Walker

### v.

## William A. Ensign.

Judgment by confession—Authority of court to set aside.— Courts of law exercise an equitable jurisdiction over judgments entered by confession upon notes and warrants of attorney, and where it clearly appears that the plaintiff was not entitled to a judgment, the court should vacate the same and allow him to pursue the ordinary remedy by action. But where the case is involved in doubt, the defendant should be let in to defend, the judgment in the meantime being allowed to stand as security until the merits of the case have been determined.

Error to the Superior Court of Cook county.   The Hon. Joseph E. Gary, Judge, presiding.

8

Walker v. Ensign.

Messrs. BAKER & OSGOOD, for plaintiff in error ; as to power of the court to set aside or stay the judgment, cited, Lake v. Cook, 15 Ill. 353; Pitts v. Magie, 24 Ill. 610; Norton v. Allen, 69 Ill. 306.

Messrs. SLEEPER & WHITON, for defendant in error; that the facts shown by affidavit constituted a sufficient defense to the notes, Haywood v. Swords, 2 Baily Law, 305; Walker v. Crawford, 56 Ill. 444; Bradley v. Bently, 8 Vt. 345; Crossman v. Fuller, 17 Pick. 174; Mann v. Smyser, 76 Ill. 365; Gage v. Lewis, 68 Ill. 604; 2 Phil. Ev. 567; 2 Starkie Ev. 1002.

BAILEY, J.   On the 24th day of August, 1876, William A Ensign filed in the Superior Court of Cook county, a declaration in assumpsit against Edwin Walker, upon two promissory notes given by said Walker to one J. C. McCord, and assigned by the latter to the plaintiff, both of said notes payable on demand, one being for $500, dated September 29th, 1875, and the other for $1,000, dated October 1st, 1875, and both bearing ten per cent. interest from date.   Accompanying each of said notes was a warrant of attorney, executed by said Walker, authorizing a confession of judgment against said Walker and in favor of the legal holder of said notes, for the amount due thereon and attorney's fees.   With the declaration was also filed a cognovit, confessing judgment on said notes in favor of the plaintiff and against the defendant, for $1,735.28, being the amount of said notes and $100 attorneys' fees, whereupon judgment was entered for that amount and costs.

On the first day of September following, being at the same term, the defendant entered his motion to set aside and vacate said judgment, and for leave to plead to the declaration.   On the 12th day of September, this motion was heard upon affidavits filed by the respective parties, and denied.   To this decision the defendant duly excepted, and he now assigns the same for error.

The affidavits filed upon the hearing of the motion are voluminous, and the transactions out of which this controversy has

grown seem to be more than ordinarily complicated.  In these affidavits there is a direct, and apparently an irreconcilable conflict on almost every fact upon which the equities of the parties rest, and it is impossible for this Court, in the light of all the proofs presented by the record, to arrive at any satisfactory conclusion as to the real merits of the case.

The affidavits filed by the defendant dispute the entire consideration of the notes, and if the statements of these affidavits are true, the enforcement of the judgment against the defendant would be a gross wrong and fraud upon him.  On the other hand, the affidavits filed by the plaintiff, if true, show that the notes were given for a good consideration, and are evidence of a debt justly and honestly owing from the defendant to him.

The case made by defendants' affidavits, is substantially as follows: About the 29th of September, 1875, McCord, the payee in the notes, being about to erect a number of buildings at the corner of Thirty-fourth street and Wabash avenue, Chicago, entered into a contract with the firm of Batchen & Smith, whereby said firm agreed to furnish, cut and set the stone-work in said buildings for $10,000, of which sum $5,000 was to be paid in cash, in installments, as the work advanced, and the remaining $5,000 in notes, due in about three years, and drawing ten per cent. interest.  It was further agreed that McCord should loan Batchen & Smith $2,000 for six months, at ten per cent. interest, McCord taking back and holding as collateral security therefor the notes for $5,000.

Batchen & Smith thereupon applied to defendant to furnish the stone to be used in said building, which defendant agreed to do on certain terms, provided they would advance him $1,500 in cash.  On the same day, McCord told defendant that he had a plenty of money, and would advance to him for Batchen & Smith, if they should so request, this $1,500, and Batchen, who was present, at once requested him so to do, whereupon McCord told defendant to come to his office that afternoon for the money.

Defendant accordingly went to McCord's office, when McCord told him he could pay him but $500 that afternoon, but would pay him the balance the following Monday.  McCord

then suggested, that as he was paying the money for Batchen & Smith, and as defendant had as yet delivered them none of the stone, they might sustain loss in case of defendant's death, as they had nothing to show for the money. Defendant then told McCord to prepare any paper necessary for their protection, whereupon McCord drew up the $500 note in question, saying that he would charge the money to Batchen & Smith and hold the note, and upon the fulfillment by the defendant of his agreement with Batchen & Smith he would cancel and destroy it, and thereupon defendant signed the note. On the first day of October following, defendant under the same agreement and understanding received from McCord the remaining $1,000, and executed said $1,000 note.

Subsequently defendant performed his contract with Batchen & Smith, and they charged the defendant this $1,500 and credited the same to McCord as part of the $5,000 cash payment to be made by him to them.

On the other hand, the plaintiff's affidavits directly dispute those of the defendant, so far as regards the circumstances of the execution of the two notes and the consideration for which the same were given. They further account for the execution of these notes as follows: At the time of the agreement between Batchen & Smith and defendant, it was understood that defendant was to receive from them in payment for the stone to be furnished the notes for $5,000, which McCord was to deliver Batchen & Smith, and that the $2,000 to be loaned Batchen & Smith by McCord on the security of said notes, was in fact to be loaned to defendant. In pursuance of this arrangement McCord loaned to defendant the moneys for which these two notes were given as a part of said $2,000, and retained in his hands the notes for $5,000 as security for the repayment of such loan. The money so loaned has never been paid to McCord, but is still justly due and owing to him.

The affidavits on both sides detail a great variety of facts and circumstances in corroboration of the account given by them respectively of the transaction, out of which these notes resulted, and after considering them all carefully, our minds are left entirely unsatisfied as to the real merits of the contro-

Walker v. Ensign.

versy. We think the case one, which, for the attainment of substantial justice between the parties, should be submitted to a jury. Upon a trial the witnesses whose affidavits are presented here may be subjected to cross-examination; their relative credibility may be investigated and passed upon by a jury with the aid of facilities for arriving at the truth which we do not possess.

Courts of law exercise an equitable jurisdiction over judgments entered by confession upon notes and warrants of attorney, and it is necessary to justice that they should liberally exercise that jurisdiction. Where it clearly appears that the plaintiff was not entitled to judgment on the notes and warrants of attorney, the court should vacate the judgment and leave him to pursue the ordinary remedy by action. But where the case is involved in doubt, or the testimony is so contradictory that the truth cannot be ascertained with reasonable certainty, the defendant should be let into a defense on the merits, the judgment in the meantime being allowed to stand as security until the merits of the case are heard and determined—all proceedings upon it however being stayed until the suit is finally determined. Lake v. Cook, 15 Ill., 353; Norton v. Allen, 69 Id. 306; Boynton v. Renwick, 46 Id. 280.

We think the court below erred in refusing to allow the defendant to plead to the declaration and have the merits of the case tried by a jury. The order refusing the motion must be reversed, and the cause will be remanded, with directions to the court to allow the defendant to plead to the merits, and to stay proceedings on the judgment, and permit it to stand as security until the issues which may be tendered by the defendant are determined.

Reversed and remanded.