## BERNARD HEENEY ET AL.

### v.

## WILLIAM H. ALCOCK ET AL.

1. JUDGMENT BY CONFESSION—SETTING ASIDE.—Courts of law have an equitable jurisdiction over judgments entered by confession, and where it clearly appears that the plaintiff is not entitled to judgment on the note and warrant of attorney, the court should vacate the judgment and leave him to pursue the ordinary remedy by action. But where the right of recovery is left in doubt, the defendant should be let in to a defense upon the merits, the judgment, in the meantime standing as security.

2. EXPIRATION OF TERM.—The statute which provides that the court may, "during the term," set aside a judgment for good cause shown, does not apply to judgments entered by confession, by virtue of a warrant of attorney, in the absence of the defendant.

3. LACHES.—A delay of five days after knowledge that such judgment has been entered, before application to set it aside, is not an unreasonable time in which to make preparation for the hearing of such motion.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed November 7, 1881.

Messrs. SCHUYLER & FOLLANSBEE, for appellants; that the application was made in apt time, cited Burwell v. Orr, 84 Ill. 465; Wymans v. Yeomans, 84 Ill. 403.

Upon the right to have the judgment opened and defendants let in to a defense upon the merits: Lake v. Cook, 15 Ill. 353; Hall v. Jones, 32 Ill. 38; Pitts v. Magie, 24 Ill. 610; Condon v. Besse, 86 Ill. 159; Walker v. Ensign, 1 Bradwell, 113.

The note was given for a gambling contract, and was illegal: Pickering v. Cease, 79 Ill. 328; Lyon v. Culbertson, 83 Ill. 33; Webster v. Sturges, 7 Bradwell, 560.

One partner cannot execute a warrant of attorney to confess judgment so as to bind his co-partner, in the absence of express authority: Sloo v. State Bank, 1 Scam. 428; Peine v. Weber, 47 Ill. 41; Remington v. Cummings, 5 Wis. 138; Crane v. French, 1 Wend. 311; Davis v. Blackwell, 5 Bradwell, 32; Parsons on Partnership, 178.

A note executed by one partner outside the scope of the partnership business, without consent of his co-partner, is not binding upon the co-partner: Zuel v. Bowen, 78 Ill. 234; Wittram v. Van Wormer, 44 Ill. 525.

Mr. Frank H. Collier, for appellees; that to make such contract illegal, there must be a mutual intent to bet upon the market without any expectation of actual performance, cited Clarke v. Foss, 7 Biss. 540.

No equitable reason is shown why the court should disturb the judgment: Knox v. Winsted Savings Bank, 57 Ill. 330; Rising v. Brainerd, 36 Ill. 79.

Application after the term at which judgment was rendered, has passed, comes too late.    The plaintiffs are now asking for equitable relief when they had a legal remedy by motion at the judgment term: Saltsman v. Bissell, 75 Ill. 67; Palmer v. Gardiner, 77 Ill. 143; Railroad Co. v. Neal, 1 Woods, 353; Crim v. Handley, 4 Otto, 652; Lyrne v. Allen, 51 N. H. 245; Borland v. Thornton, 12 Cal. 445; Chalmers v. Hack, 19 Me. 127.

Wilson, P. J. This appeal is prosecuted to reverse the judgment of the county court, overruling appellant's motion to vacate a judgment entered by confession, or to stay proceedings under the judgment, until a trial can be had upon the merits. The note and warrant of attorney which was under seal, were executed in the name of " Heeney & Son," the note being dated February 23, 1881, payable to appellees on demand, after date.

Upon the hearing of the motion, affidavits of both the appellants were read, in support of the motion, tending strongly to show that the note was not given for any indebtedness of the firm of Heeney & Son, but that it was given by John B. Heeney in settlement of an alleged indebtedness of the latter, for the balance due on certain gambling transactions, on the board of trade of the City of Chicago; that said transactions were entirely outside the scope of the co-partnership business of Heeney & Son, and without the knowledge or consent of Bernhard Heeney; that the name of Heeney & Son, was used

without any authority whatever of Bernhard Heeney; that the transaction was the individual business of John B. Heeney, and was entirely unknown to Bernhard Heeney, and that judgment was entered for a larger amount than the balance alleged to be due.

The statements in these affidavits were controverted by the affidavits of appellees, in which they deny that the transaction was of a gambling character, and they allege, on the contrary, that the note in question was on a straight business transaction; that Heeney & Son, through John B. Heeney, directed them to purchase a quantity of ribs for April delivery, which they actually bought; that they had no knowledge that the ribs were not to be delivered, or were to be turned into May delivery, as alleged by appellants; that they never transacted any business for John B. Heeney individually, but only for Heeney & Son; and that the transaction in question was well known to Bernhard Heeney, and was ratified and approved by him.

Judgment was entered on the second day of March, 1881, which was one of the days of the February term of the county court. Knowledge of the fact that the judgment had been entered, first came to appellants through their attorney, on Thursday, March 10th, during the February term. On the fifteenth day of March, which was the second day of the March term, application was made to vacate or open the judgment as above stated.

The doctrine has long been settled in this State, that courts of law are invested with an equitable jurisdiction over judgments entered by confession on warrants of attorney. Lake v. Cook, 15 Ill. 353; Hall v. Jones, 32 Id. 38; Pitts v. Magie, 24 Id. 610; Burwell v. Orr, 84 Id. 465; Wyman v. Yeomans, 84 Id. 403; Condon v. Besse, 86 Id. 159; Walker v. Ensign, 1 Bradwell, 113; 69 Ill. 306; 46 Id. 280.

Where it clearly appears that the plaintiff was not entitled to judgment on the notes and warrant of attorney, the court should vacate the judgment, and leave him to pursue the ordinary remedy by action. But where the case is left in doubt, or the testimony is so contradictory that the truth cannot be ascertained with reasonable certainty, the defendant should be

let into a defense on the merits, the judgment meanwhile being allowed to stand as security, until the merits of the case are heard and determined. Lake v. Cook, *supra;* Norton v Allen, 69 Ill. 306; Boynton v. Renwick, 46 Id. 280; 1 Bradwell, 113.

The affidavits filed by the defendants in support of the motion, if true, show that the plaintiffs had no legal cause of action; on the other hand, the affidavits filed by the plaintiffs, if true, show that the note was given for a good and valid consideration, and is evidence of a debt justly due and owing by the defendants to the plaintiff. There is thus presented such a conflict of evidence as to leave us unsatisfied as to the real merits of the controversy, and we think the case one, which for the attainment of justice, should be submitted to a jury.

It is insisted, however, that the court had no power to vacate or open the judgment after the expiration of the term at which it was entered, and that even if it had such power, appellants were guilty of laches, in not having made their motion in apt time.

The judgment was entered March 2d, one of the days of the February term, and knowledge of the judgment first came to appellants March 10th, also one of the days of the same term. The application to vacate was made March 15th, which was the second day of the March term; notice of such intended application having been given on Monday, the first day of that term.

Our statute, which provides that the court may " during the term" set aside any judgment upon good and sufficient cause, has been uniformly held not to apply to judgments by confession, rendered by virtue of a warrant of attorney, in the absence of the defendant. Burwell v. Orr, 84 Ill. 465; Wyman v. Yeomans, Id. 403. The only question, therefore, is whether appellants used due diligence in making their application for relief. That they did we cannot doubt. Only five days, one of which was Sunday, elapsed from the time knowledge of the entry of judgment came to them and the time of presenting their application to the court to set it aside, and they gave no

tice of their intended application on the fourth day after the receipt of such knowledge. This, we think, was not an unreasonable time in which to make the necessary preparations for the hearing of the motion; and, so far as appears, the rights of appellees were in no way injuriously affected by the delay. As was said in Cook v. Lake: "As to such judgments, the equitable jurisdiction of the courts should be exercised liberally" in furtherance of justice.

We are of opinion that leave should have been given as to both defendants, to plead to the merits, the judgment in the meantime to stand as security until the merits of the case are heard and determined. The judgment of the court below is reversed and the case remanded for further proceedings in accordance with the views herein expressed.

Reversed and remanded.