THOMAS ALLDRITT, IMPL'D WITH WILLIAM H. MILNES,

v.

THE FIRST NATIONAL BANK OF MORRISON.

*Judgments—Confession before Maturity of Note—Validity of—Construction of Note and Warrant as one Contract.*

A judgment confessed upon a note before its maturity, under a power to confess judgment at any time after date, is valid, the note and warrant being construed together as parts of one and the same transaction.

[Opinion filed January 8, 1887.]

IN ERROR to the Circuit Court of Whitesides County; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. C. J. JOHNSON and GEORGE H. FAY, for plaintiff in error.

The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued. Chase v. Dana, 44 Ill. 262; Tucker v. Gill, 61 Ill. 236; Frye v. Jones, 78 Ill. 627, 632; Keith v. Kellogg, 97 Ill. 147.

Alldritt v. First National Bank of Morrison.

The attorney in fact who confessed the judgment in this case had no power to enter the appearance of those defendants until the money mentioned in the promissory note was actually due and payable, and the court had no jurisdiction of the defendants; therefore the judgment and all subsequent steps under it are void. Watterman v. Jones, 28 Ill. 54; White v. Jones, 38 Ill. 159; Baldwin v. Freydendall, 10 Ill. App. 106.

Mr. O. F. Woodruff, for defendant in error.

Baker, P. J. On the 5th day of April, 1884, Thomas Alldritt, the plaintiff in error, together with one Milnes, executed a promissory note of that date for $400 to the First National Bank of Morrison, due one year after date, and paid to the bank the year's interest in advance. They at the same time gave a warrant of attorney, authorizing any attorney of any court of record to appear for them in any court, in term time or vacation, at any time after date, and confess a judgment for the amount due on the note. A judgment by confession was entered on said note in the Circuit Court of Whiteside County in vacation, on the 10th day of January, 1885, it being some three months before the note, according to its terms, was due and payable.

At the succeeding March term of the court a motion was entered by plaintiff in error to vacate the judgment; but upon the entry of a remittitur sufficient in amount to cover the unearned interest paid in advance and interest thereon from date of judgment, the motion to vacate the judgment was overruled.

The only point made for the reversal of the judgment, is, that the confession of judgment was premature and unauthorized, since the note was not due or payable at the time judgment was rendered. It will be noted that the letter of attorney gave express power to confess judgment at any time after date; and in such case the note and the warrant being construed together as parts of one and the same transaction, the debt, by the explicit stipulation of the parties, is due for the pur-

poses of the judgment. Sherman v. Baddely, 11 Ill. 623, and Adam v. Arnold, 86 Ill. 185, fully sustain the validity of judgments confessed under like powers before the maturity of the notes.

The judgment is affirmed.

*Affirmed.*