CHARLES H. LANYON

v.

LANZ, OWEN & CO.

*Judgments and Decrees—Practice—Judgment by Confession on Warrant of Attorney—When Defendant Allowed to Plead.*

A judgment was entered by confession in pursuance of a warrant of

attorney, and defendant promptly filed a motion to set aside the same and to be allowed to plead, filing an affidavit, which was uncontradicted, setting out that part of the judgment was entered for a larger amount than was due: this court holds that the court should, under the circumstances, have allowed the defendant to plead to the disputed portion of the judgment.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. THORNTON & CHANCELLOR, for appellant.

Mr. A. BINSWANGER, for appellees.

MORAN, J. A judgment was entered in favor of appellees and against appellant, by confession, in pursuance of a warrant of attorney, for the sum of $739.44. The said judgment was entered on May 22d. On May 25th appellant made a motion to set aside the judgment and to be allowed to plead. In support of said motion he filed a sworn petition in which he states facts that, taken to be truly stated, show that he was not at the date of the entry of said judgment indebted to said appellees upon the note in a larger sum than $499.46. This affidavit was wholly uncontradicted. The court refused to set aside the judgment as to any amount or to let appellant plead to the portion of the claim which he disputes. From the denial of said motion the appeal is prosecuted.

Appellant's uncontradicted affidavit showed that the judgment entered against him was in part unjust; that it was against right and equity that he should be compelled to pay the whole amount thereof. If such a showing was made with reference to the whole judgment, the court would be bound to set aside the judgment, or at least let the appellant in to plead, letting the judgment stand as security. The court exercises an equitable power in dealing with motions to set aside judgments by confession, and has the right to make such order as will protect the interests of the respective parties. The court should have allowed the judgment in this case to

stand and ordered an execution to go upon it for the amount that appellant admitted in his affidavit to be due thereon, and have allowed appellant to plead as to the portion of said judgment that he claimed was discharged, and was not owing by him to appellees, and an issue as to whether said disputed portion was in fact owing by him could be submitted to a jury. The court erred in denying the motion to let appellant in to plead to the disputed portion of the judgment note. For such error the order denying appellant the right to plead to such portion of the judgment must be reversed and the case remanded, with directions to the court to allow defendant to file his plea to all but $499.46 of said judgment, and to stay execution for any greater amount than said sum upon said judgment till the issue formed on defendants' plea shall have been determined in accordance with the practice of the court in such cases.

*Reversed and remanded.*