### J. COHEN
### v.
### HENRY BURGESS.

*Judgment by Confession—Note Not Due—Leave to Plead—Money Paid into Court as Security—Disposition of—Appeal.*

Where a judgment by confession on a judgment note was entered before the note came due, such judgment was authorized by the warrant of attorney, which was that the judgment might be entered "at any time hereafter."

[Opinion filed March 19, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. LYNDEN EVANS and FREDERICK ARND, for appellant.

Mr. S. A. FRENCH, for appellee.

GARY, J.   June 17, 1891, a judgment by confession; the cognovit pursuant to a warrant of attorney, releasing errors, was entered in the Superior Court in favor of the appellee against the appellant. June 20, 1891, Cohen had leave to plead, the judgment to stand as security. He deposited in court $125, in order to obtain that relief. When the case came up for trial upon his plea of the general issue, the only defense, so far as the abstract shows, he had to offer was, that the note upon which the judgment was entered was not then

due. The warrant was "at any time hereafter," and there-fore authorized the judgment. Towle v. Gonter, 5 Ill. App. 409; Chisholm v. McDonald, 30 Ill. App. 176. October 19, 1891, after the trial of the issue, the court entered a judg-ment that the former judgment stand, and for costs against Cohen, of proceedings after the original judgment. He com-plains that not only is this judgment against him, but his $125 is kept from him. He has not applied to have the judgment paid out of the money, and the residue returned, but by his appeal, has prevented the disposition of the money which the court otherwise doubtless would have made on the application of Burgess.

Irregularities are alleged as to the declaration and cog-novit. No question as to them is before us. None was made below, and the appeal only brings up the question of whether, for any reason there assigned, the judgment ought to have been vacated. Anderson v. Studebacker, 37 Ill. App. 532.

The judgment is affirmed.

*Affirmed.*