## H. A. ELKINS ET AL.
### v.
## J. S. WOLFE.

*Negotiable Instruments—Note—Practice—Evidence.*

1. Where a warrant of attorney authorizes a confession of judgment upon a note " at any time," it may be done at any time after the delivery of the note.

2. It is the duty of courts to so interpret the meaning of words employed in contracts as to effectuate the intention of the parties, when such intention is not clear without the aid of interpretation.

3. Where the certificate of the trial judge in a given case omits to state that the bill of exceptions contains all the evidence, it will be presumed that there was other evidence introduced sufficient to sustain the finding.

4. In the case presented, this court holds, in view of the evidence, that the intention of the parties to the note in question, was to empower the entering of judgment upon it at any time after it was given, in accordance with the usual course and custom of business where judgment notes are resorted to.

[Opinion filed May 12, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. JOSIAH BURNHAM, for appellants.

There was neither allegation nor proof of any fact which would justify the entering of judgment before the maturity of the note, and the declaration showed no cause of action. Roundy v. Hunt, 24 Ill. 598.

. If case laid in declaration is not sufficient to found an action upon, it will not support a judgment. 3 Blackstone, 393.

The fault of the declaration is not cured by the cognovit.

" A confession is an admission of a cause of action as alleged in the declaration, to the extent of its terms and no further." Hackett v. B. C. & M. R. R., 35 N. H. 390 (397).

As the declaration did not state a cause of action the court had no jurisdiction, and the judgment by confession is *coram non judice.*

Jurisdiction is the power to hear and determine a cause.

It is *coram judice* whenever a case is presented which brings this power into action. If plaintiff states such a case, that on demurrer the court would render judgment in his favor, it is a case of jurisdiction. U. S. v. Arredondo, 6 Pet. 691 (709).

The court should have allowed the motion in arrest of judgment for insufficiency of declaration. 3 Blackstone, 393.

While the motion is properly made to arrest or stay the judgment after verdict and before judgment is entered, yet if judgment goes against a defendant in his absence, as in case of default, the motion may be made after judgment. 2 Tidd's Pr., 740, 918.

In which case it should be decided precisely as if the question arose upon general demurrer to the declaration. 2 Tidd's Pr., 927.

The warrant of attorney did not authorize filing a cognovit before the maturity of the note. The cognovit filed was therefore unauthorized.

The warrant of attorney must be clear and explicit and strictly pursued. 1 Tidd's Pr., 552; Frye v. Jones, 78 Ill.

627 and cases cited; Chase v. Dana, 44 Ill. 262; Keith v. Kellogg, 97 Ill. 147; Campbell v. Goddard, 117 Ill. 251; Tucker v. Gill, 61 Ill. 23; Follansbee v. Scottish American Mortgage Co., 5 Ill. App. 17; Baldwin v. Freydendall, 10 Ill. App. 106; Askew v. Goddard, 17 Ill. App. 377.

When it appears by affidavits filed, that there is a question presented that is proper to be tried by a jury, the court should set aside the judgment and permit the defense to be made. Pitts v. Magie, 24 Ill. 610.

Usury is sufficient ground for opening the judgment and allowing the defense to be made. Fleming v. Jencks, 22 Ill. 475; Rothgerber v. Mayer, 6 Ill. App. 350.

Mr. Edward O'Brien, for appellee.

The questions raised by appellants, and upon which error is assigned, are not new, and have been fully decided many times, in my judgment, both in this court and the Supreme Court of this State. It is claimed that the declaration, upon which appellee's judgment was based, does not show a cause of action, the note sued upon not appearing to be then due. Standing alone it perhaps does not, but the warrant in the note, upon which judgment was entered, authorizes a judgment at any time, and although, by the declaration, the action may appear to be prematurely brought, a confession will cure the defect. Bush v. Hanson, 70 Ill. 480.

And it is well settled that the warrant which authorizes an attorney to confess judgment at any time, and waive and release all errors which may intervene, will give the court jurisdiction of the parties, and will sustain a judgment, although it would appear that the note was not then due by the recital of the note in the declaration. Sherman v. Baddely, 11 Ill. 622; Adam v. Arnold, 86 Ill. 185; Condon v. Besse, 86 Ill. 159; Wyman v. Yeomans, 84 Ill. 403; Walker v. Ensign, 1 Ill. App. 113.

A warrant of attorney to confess judgment is a familiar common law security, and the entry of judgment by cognovit thereunder is a proceeding according to the course of common law which courts have ever entertained.

But a brief reference to the second point raised by appellants seems necessary. It is contended by appellants that the judgment in the court below should have been set aside. Had a meritorious defense been shown this would have been the proper practice. Courts of law exercise equitable jurisdiction over judgments entered by confession, and a due regard is ever had of the rights of a diligent creditor, and the court will not set aside or re-open a judgment to let in a frivolous defense, or delay a creditor in enforcing the collection of his claim.

Affidavits were introduced by appellants setting up usury. The affidavits introduced upon the hearing by appellee admitted usury, and the court in the exercise of its equitable powers found that the judgment embraced usurious interest, and remitted the amount so found to be usurious, and entered judgment for the sum of $300. This the court was author ized to do. Ralph v. Baxter, 66 Ill. 416.

In conclusion, I will add that no meritorious defense was shown by the affidavits filed by appellants for the purpose of setting the judgment aside, and no good reason appears why any issue should have been tried by a jury. Appellee offered to remit any usury which the court should find was embraced in the judgment, and the court remitted all the usury claimed or set up in the affidavits filed by appellants, and added a small amount for the storage of certain pictures which were held by appellee as a security, and the judgment should stand.

Shepard, J. Judgment by confession was entered against appellants, upon a promissory note and warrant of attorney, of which the following is a copy :

" 338.90.                                June 19th, 1891.

" August first, after date, we promise to pay J. S. Wolfe, or order, the sum of three hundred and thirty-eight and 90-100 dollars with interest at 8 per cent per annum from date, value received, and we hereby appoint any attorney of any court of record in any State or Territory of the United States to appear for us in any such court, at any time, and

waive the issue and service of process and confess a judgment against us for the amount of the above note and interest then due, and costs, including ten dollars attorney's fee, and to file a cognovit for that amount, and an agreement releasing all errors and waiving all appeal in said cause and all advantage to which we may be entitled by virtue of any and all exemption laws of this State, and of any State or territory where judgment may be entered by virtue hereof. Witness    hand and seal    the day and year above written.
In presence of             H. A. ELKINS,    L. S.
                    LUCY A. ELKINS.   L. S."

The declaration or narr. and cognovit, were filed July 27, 1891, and on the same day judgment by confession was entered for $351.40. It is contended by appellants that the suit was premature; that the declaration shows no cause of action could exist prior to August 4, 1891, the day on which the note matured. The argument is based on that clause in the warrant of attorney, which reads as follows : " And confess a judgment against us for the amount of the above note and interest then due."

And it is said that because the note did not mature by its terms until August 4th, it was not on July 27th, " then due."

The word " due," considered by itself, has many definitions. Bouvier defines it, in its first and broadest sense, as that which is " just and proper;" and, in another and less general sense, as, " what ought to be paid; what may be demanded." Webster gives its definitions, so far as applicable to the matter under consideration, in the following order : " Owed, as a debt; that ought to be paid, or done to or for another; payable; owing and demandable; proper; suitable." The warrant of attorney authorized a confession of judgment " at any time," which, under the well settled decisions of this State, authorized it to be done at any time after the delivery of the note. Thomas v. Mueller, 106 Ill. 36; Adam v. Arnold, 86 Ill. 185; Sherman v. Baddely, 11 Ill. 622.

It is the duty of courts to so interpret the meaning of words employed in contracts as to effectuate the intention

Elkins v. Wolfe.

of the parties, when such intention is not clear without the aid of interpretation.  Bishop on Contracts.

It seems to us to be perfectly plain from the whole instrument that the intention of the parties to the note in question, was to empower the entering of judgment upon it at any time after it was given, in accordance with the usual course and custom of business where judgment notes are resorted to; and it therefore devolves upon us to save this instrument from the effect of a defeat of its objects, which would follow from such an interpretation and application of the words "then due," as appellants contend for, if it can be done consistently with maintaining the integrity of the parties' intentions.

In accordance with the proposition just stated, apply to the instrument the definitions of the word "due," already quoted, and the clause would read: For the amount, etc., "then" *just and proper;* or, that "then" *ought to be paid;* or, "then" *payable;* or, "then" *proper;* or, "then" *owing and demandable.*

The substitution of only this last definition out of all the others tends to sustain the interpretation of the appellants.  A debt may be due in the sense that it is owing, although not at that time demandable.  But leave the instrument just as it is, without substituting any definitory words, and it seems to be apparent that the words "then due," as employed, do not operate to limit the power to confess judgment "at any time," but that they relate exclusively and most clearly to the time when the power shall be exercised, and not to the condition of maturity of the note.  Such is both their grammatical sense and reasonable meaning.  Nothing but a most restricted and narrow interpretation of the word "due" will lead to any other conclusion.

The other contention is that the court below erred in not vacating the judgment and giving appellants an opportunity to plead to the declaration.  Affidavits were filed in support of and against the motion to vacate the judgment, from which it appears that an usurious consideration entered into

the note, and upon which the court reduced the judgment from $351.40 to $300, in the exercise of its equitable jurisdiction over judgments entered by confession. Heeney v. Alcock, 9 Ill. App. 431. But it is complained that a much more considerable reduction should have been made, and that upon the authority of Pitts v. Magie, 24 Ill. 610, the question should have been submitted to a jury. See also, 9 Ill. App. 431, *supra*.

It is unnecessary for us to decide whether the affidavits which appear in the bill of exceptions make out such a case of meritorious defense as would have required the appellants to be let in to plead, for the reason that the certificate of the trial judge to the bill of exceptions does not purport to say that nothing else was presented by way of evidence to the court. Where the certificate of the judge omits to state that the bill of exceptions contains all the evidence, it will be presumed that there was other evidence sufficient to sustain the finding. Brown v. Miner, 128 Ill. 148; Ottawa Gas Light & Coke Co. v. Graham, 35 Ill. 346.

Our reports abound in authorities in support of this proposition, and we are bound, therefore, to presume that there was evidence before the court sufficient to support the judgment. The case will be affirmed.

*Judgment affirmed.*