## Louis P. Halladay et al. v. J. P. Underwood et al.

1. JUDGMENTS—*By Confession—Opening Judgment and Letting in Defense.*—The court includes in its opinion an affidavit, filed in support of a motion to open a judgment by confession, and holds that it was sufficient, and that the trial court should have permitted the appellants to plead to the declaration and allowed a trial on the merits, the judgment to stand as security until a trial could be had.

**Motion,** to vacate a judgment by confession. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed March 24, 1898.

MAHER & GILBERT, attorneys for appellants.

F. P. BLACKMAN, attorney for appellees.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order overruling a motion to

vacate a judgment by confession and for leave to plead, etc., a judgment by confession entered under and by virtue of a power of attorney contained in a lease executed by appellees to appellants, authorizing confession of judgment for overdue rent. The court entered judgment for the sum of $470. Appellants moved to set aside and vacate the judgment, and in support of the motion filed the affidavit of Louis P. Halladay, which, among other things, alleges as follows:

"Louis P. Halladay, being first duly sworn, on his oath deposes and says * * * that he is a member of the firm of Halladay Bros., composed of Louis P. Halladay and William E. Halladay, doing business under the firm name of Halladay Bros. * * * This affiant further says that Louis P. Halladay and William E. Halladay, in the year 1895, leased a certain salesroom on the west side in the city of Chicago from Underwood & Mariner; that they paid all rent reserved by the lease and even paid the same in advance and discounted the claim for rent, thereby saving $60. This affiant further says that he is not advised nor has he ever heard of any other claim being made against this affiant or his brother, as Halladay Bros., by said plaintiffs in this case except said rent, and this affiant, on his oath, says he is responsible; that his brother is responsible, and that together they do not owe either jointly or severally any sum whatever to the plaintiffs in this suit," etc.

No counter affidavit was filed by appellees.

We are of opinion that the court should have permitted the appellants to plead to the declaration, and allowed a trial on the merits, the judgment to stand as security until a trial could be had. Lake v. Cook, 15 Ill. 353; Hier et al. v. Kaufman et al., 134 Ib. 215; Lanyon v. Lanz, Owen & Co., 43 Ill. App. 654.

The judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.