### Edward L. Martin v. Albert T. Summers et al.

1. JUDGMENTS—*Liability for Entering on a Cognovit.*—Where a person has authority given him in a power of attorney to enter a judgment he can not be held liable for the effect of the entry of such judgment, merely because his motives were malicious.

2. LEGAL RIGHTS—*Exercise of, No Wrong.*—The exercise of a legal right can not be a legal wrong. Any transaction which would be lawful and proper if the parties were friends, can not be made the foundation of an action merely because they are enemies.

3. SAME—*Motives Immaterial.*—As long as a man keeps himself within the law, courts must leave his motives to Him who searches the heart; whatever one has a right to do, another can have no right to complain of.

4. PLEADINGS—*Vituperation, etc.*—When in legal proceedings the defendant is charged with having wrongfully and unlawfully done the act complained of, such language is only vituperation, and amounts to nothing unless a cause of action is otherwise alleged.

**Trespass on the Case,** for maliciously entering a judgment on a cognovit. Trial in the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Judgment for the defendant on demurrer to declaration. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

DAVID HUTCHISON and LEFORGEE & LEE, attorneys for appellant.

J. M. GRAY and I. A. BUCKINGHAM, attorneys for appellees.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case brought in the Circuit Court of Macon County by the appellant against the appellees. The appellees demurred to the declaration, which the court sustained, and the appellant abided by his declaration; thereupon the court entered a judgment against the appellant in bar of the action and for costs. The appellant brings the case to this court by appeal and assigns as error the ruling of the court in sustaining the demurrer to the declaration, and entering judgment against him.

Martin v. Summers.

The declaration, although containing four counts only, sets up the following facts in substance : that the plaintiff (appellant here) before and at the time of the committing by the defendants (appellees here) of the grievances hereinafter mentioned, was a person of good name, credit and reputation, and stood ready and was able and willing to fulfill his legal and financial obligations; that on or about February 26, 1896, the plaintiff gave to the defendant, Albert T. Summers, his certain note and power of attorney in words and figures following, to wit:

" $369.55.                    DECATUR, Ill., Feb. 26, 1896.
On Aug. 1, 1897, after date, for value received, I promise to pay to the order of Albert T. Summers, three hundred and sixty-nine 55-100 dollars at Decatur, Ill., with interest at seven per cent per annum after date until paid.

And to further secure the payment of said amount I hereby authorize irrevocably any attorney of any court of record to appear for me in said court, in term time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note for such an amount as may appear to be unpaid thereon, together with costs and ten dollars attorney's fees, and to waive and release all errors which may intervene in such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorney may do by virtue thereof.

                              · EDWARD L. MARTIN.
Address, Decatur, Ill.
Due Aug. 1, 1897.
· Witness."

On the back appears the following :

" For value received, I hereby assign the within note to E. L. Pegram or order, and guarantee the payment of said note at maturity, with seven per cent interest after date until paid, waiving notice, protest and diligence in collecting, and hereby agree to pay all costs and expenses paid or incurred in collecting the same.    ·

                              ALBERT T. SUMMERS."

That the plaintiff was, on July 26, 1897, possessed of the means and ready and willing to pay the indebtedness evidenced by said note.   Yet the defendants, well knowing the premises, and not feeling themselves unsafe or insecure in

the payment of said note and interest or any part thereof by the plaintiff, and maliciously intending to injure the plaintiff in his credit and financial standing in the community, and without any probable cause therefor, willfully and maliciously caused the said note to be assigned from the said Albert T. Summers to Edward L. Pegram, and then, on, to wit, July 26, 1897, maliciously caused to be entered in the Circuit Court of Macon County, Illinois, a judgment against the plaintiff on said note under the power of attorney thereto attached, for the sum of $416.18; whereby the defendants did bring the plaintiff into financial distress and discredit among his neighbors and the citizens of his county, State, and throughout the United States, with many of whom he had transacted business, to the injury and damage of the plaintiff of $10,000, wherefore he brings his suit, etc.

In some of the counts, the appellant also sets up that he was, at the time of the commission of the grievances in his declaration mentioned, engaged at Decatur, in said county of Macon, in business as a wholesale and retail dealer in lime and cement, and avers special damages to him in his said business, etc., by reason of the facts above stated.

We are satisfied that the declaration fails to disclose a good cause of action, and the demurrer was properly sustained thereto, because the appellees clearly had the right to procure the judgment on the note described in the declaration, on July 26, 1897, or at any time after the execution of the power of attorney attached to the note, since by it the appellant, to secure the payment of the money named in the note, expressly "authorized irrevocably any attorney of any court of record to appear for him, * * * in term time or vacation, at any time hereafter, and confess a judgment without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon." * * * Thomas v. Mueller et al., 106 Ill. 36, and Shepherd v. Wood et al., 73 Ill. App. 486.

The contention of the appellant here is, that the entry of the judgment on the note of July 26, 1897, was premature

and unauthorized by the power of attorney, which only authorized a judgment to be entered on the note after the maturity of the note, which was August 1, 1897; and he insists that the words " Due Aug. 1, 1897," written at the bottom of the power of attorney, is conclusive evidence of the fact that the parties to the note and power of attorney so understood it, and the assignee of the note is bound thereby, as it is a part of the power of attorney and note.

We think, however, that there is no force in this contention, because the memorandum, " Due Aug. 1, 1897," at the bottom of the power of attorney, as it appears in the declaration, is no part of the power of attorney as signed by the appellant; and even if it was, in construing the contract, treating the words " Due Aug. 1, 1897," as a part of the power of attorney, still when the note and power of attorney are both read together, as they must be, we must conclude that the effect still is to give authority to have judgment confessed on the indebtedness named in the note, "*at any time hereafter*," that is, at any time after the execution of the power of attorney, which the declaration shows was February 26, 1896.

The appellant further contends that even if the appellees had the right to procure the judgment as they did on July 26, 1897, yet inasmuch as the declaration shows that the appellees, in doing so then, were actuated by malice toward the appellant, and that the effect was to injure and damage the appellant, and he was injured and damaged thereby, then the appellees are liable on that account.

We think, however, that law and justice require us to hold that the appellees, having the legal authority expressly given them by the appellant, in the power of attorney, to have the judgment entered when it was entered, can not be held by the appellant liable to the effect of the entry of such judgment, merely because the motives prompting them to do so were malicious; for the courts will not inquire into the motives actuating a person in the performance of a legal right.    Phelps v. Nowlen, 72 N. Y. 39.    Judge Cooley, in

his admirable work on "Torts," on page 699, says that "the exercise by one man of his legal right can not be a legal wrong to another. * * * Any transaction which would be lawful and proper if the parties were friends, can not be made the foundation of an action merely because they happen to be enemies. As long as a man keeps himself within the law, by doing no act which violates it, we must leave his motives to Him who searches the heart. To state the point in a few words, whatever one has a right to do, another can have no right to complain of."

Again at page 690, he says: "Bad motive, by itself, then, is no tort. Malicious motives make a bad act worse, but they can not make that a wrong which in its essence is lawful. When in legal pleadings the defendant is charged with having wrongfully and unlawfully done the act complained of, the words are only words of vituperation, and amount to nothing unless a cause of action is otherwise alleged."

As the declaration did not set out a good cause of action against the appellees, the demurrer thereto was properly sustained; and in so doing the Circuit Court committed no error. Hence we affirm its judgment. Judgment affirmed