**John R. Bradshaw, Defendant in Error, v. Henry N. Hansen et al., Plaintiffs in Error.**

**Gen. No. 7,632.**

1. ALTERATION OF INSTRUMENTS—*alteration not changing original legal force and effect of note not material.* An affidavit of defense by the makers of a note alleging the making of an agreement extending its maturity, the attachment of a memorandum of the extension agreement to the note and the writing on the back thereof of a statement that it is extended in accordance with the memorandum attached and that subsequently the plaintiff detached the memorandum and erased the words added on the back of the note, does not allege a material and fraudulent alteration of the note, the extension agreement remaining in force, and liability on the note remaining unchanged.

2. JUDGMENTS—*validity of judgment entered under warrant of attorney before note due.* No grounds for setting aside a judgment entered by confession under warrant of attorney contained in the note sued on authorizing entry of judgment at any time thereafter are alleged by an affidavit of merits and special pleas alleging that pursuant to agreement of the parties the maturity of the note was extended for ninety days, that a memorandum of the agreement was attached to the note and a notation thereof made on the back thereof, and that the judgment was entered prior to maturity as extended, since judgment could be entered at any time after date under such warrant.

3. APPEAL AND ERROR—*bill of exceptions requisite to review propriety of striking pleading from files.* The legal propriety of the action of the lower court in striking the general issue from the files is not reviewable on error in the absence of a bill of exceptions embodying the motion to strike and the court's ruling thereon.

Error by defendants to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed January 10, 1924. *Certiorari* denied by Supreme Court (making opinion final).

WILEY & MOREY and C. C. MARTIN, for plaintiffs in error.

REDMON, HOGAN & REDMON and VAIL, POGUE & ALLEN, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a writ of error is prosecuted by the plaintiffs in error, J. C. Mitchell and F. J. Parr, to review the action of the circuit court of Sangamon county in striking from the files the plea of the general issue, and sustaining a demurrer to certain special pleas filed in defense of the action, and in rendering judgment against Henry N. Hansen and themselves, in favor of the defendant in error, John R. Bradshaw, for the sum of $27,500. This case was before us on a previous writ of error, sued out with reference to the same judgment, which as originally entered was for the sum of $29,382.85. *Hansen v. Bradshaw,* 226 Ill. App. 629. From the previous opinion it appears that the defendant in error, John R. Bradshaw, on the 20th day of May, 1920, obtained the original judgment by confession in the circuit court of Sangamon county against Henry N. Hansen and the plaintiffs in error on a judgment note and warrant of attorney, executed and delivered by Hansen and the

plaintiffs in error, and which is as follows:

"Decatur, Illinois, Dec. 31, 1919.

"$26,500.00.

"On March 1st after date, for value received, we or either of us promise to pay to the order of Jno. R. Bradshaw, at the Milliken National Bank, twenty-six thousand five hundred dollars, at said bank at Decatur, Ill., with interest at the rate of seven per cent per annum from date if not paid when due.

"And to secure the payment of said amount we hereby authorize, irrevocably, any attorney of any court of record to appear for us in such court, in term or vacation, at any time hereafter, and confess a judgment, without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs, and ten per centum attorney's fees, and to waive and release all errors which may intervene in any such proceedings and consent to immediate execution upon such judgment, hereby ratifying and confirming all that our said attorney may do by virtue hereof. And we hereby authorize said bank at any time, at the election of its president, cashier or any other officer thereof, to apply toward the payment of this note, whether due or not, any money which said bank may have in either of our deposit accounts.

Henry N. Hansen,
J. C. Mitchell,
F. J. Parr."

After the entry of the judgment, Henry Hansen and the plaintiffs in error appeared in the circuit court and made a motion to have the judgment opened and to plead matters of defense thereto, which motion was supported by the affidavits of the parties. The motion was denied. The order of the court denying the right of the plaintiffs in error was reversed on the ground that the affidavits referred to showed a defense to at least a part of the amount of the judgment, and the cause was therefore remanded with directions to sustain the motion for leave to plead in defense. Upon reinstatement of the cause in the court below, the

motion to open the judgment was sustained in conformity with the directions of this court and the plaintiffs in error were given leave to plead in defense. They filed a plea of the general issue and a special plea which averred that $1,500 had been paid to the defendant in error, Bradshaw, to obtain an extension of the time of the maturity of the note; that the payment of the $1,500 for such extension was usurious, and that the note was void therefore as to all over the principal sum, deducting the $1,500. A replication was filed to the special plea, confessing the payment of the $1,500 and the usury. Other special pleas were filed, to which demurrers were sustained. Plaintiffs in error thereupon filed their seventh and eighth pleas, to which demurrers were also sustained, and on motion of the defendant in error the general issue was stricken from the files. The plaintiffs in error, in support of their pleas, also filed an affidavit of merits which embodied their alleged defense. The sustaining of the demurrer to the seventh and eighth special pleas and the striking of the general issue left only the plea of usury on file as a defense, which had been confessed. And in this state of the pleading the court abated the amount of the original judgment to the sum of $27,500, which amount was the sum of the principal of the note, as reduced by $1,500, with the addition of ten per cent on the reduced amount as to the attorney's fees. The affidavit of merits filed by the plaintiffs in error to support the pleas and to bring to the attention of the court the nature and character of the defense which they rely on in reference to the note in question, and the entry of judgment thereon, contains the following statement of facts:

''That prior to December 31, 1919, these defendants made and executed their joint promissory notes to the defendant herein, Henry N. Hansen, which said notes were thereafter and prior to December 31, 1919, sold to the plaintiff herein by the said defendant, Henry N. Hansen, for the sum of $22,500; and that on or about

December 31, 1919, the said notes becoming due and unpaid, they were canceled and surrendered by said plaintiff to the defendants herein, and in lieu thereof the said defendants as sureties, and the defendant, Henry N. Hansen, as principal, made and executed the note declared on in said declaration; that thereafter, on or about March 8, 1920, the said note becoming due and being unpaid, the plaintiff herein agreed to and with the defendant, Henry N. Hansen, to extend the time of payment of said note for ninety days, subject to the approval and consent of these defendants; that the affiants are informed and believe, and so state the facts to be, upon information and belief, that the defendant, Henry N. Hansen, then and there paid to the plaintiff the sum of $1,500 in consideration that he would extend said note ninety days, which said $1,500 was received by the said plaintiff, and was not placed as a credit on said note; and affiants state that on or about March 8, 1920, they consented, at the request of the plaintiff, to the extension of said note for a period of ninety days; and the plaintiff then and there agreed to extend the note for ninety days in consideration of the payment of the aforesaid sum; and of Hansen's and these defendants agreement to keep the money for said period of ninety days; and affiants state that said agreement to extend the note was reduced to writing, in which said writing it was provided that with the consent of these defendants the note was extended from March 8, 1920, for a period of ninety days, which said memorandum of extension was then and there signed by these defendants, and attached to the note by the plaintiff in the presence of these defendants, and made a part thereof; and it was agreed between the plaintiff and the defendants that such memorandum should become a part of said note to which it was attached; and at the same time the plaintiff wrote upon the note the following words: 'Extension of this note is hereby given as per memorandum attached hereto,' and it was agreed, this also should become a part of the note and the extension agreement; and at that time there were no other words and figures other

than the above on the back side of said note; and that the said note with the words and figures on the back thereof as aforesaid, and with the memorandum thereto attached, became and was the contract between the plaintiff and these defendants, and was the only contract upon which there was any liability to the plaintiff on the part of these defendants; and thereafter the said plaintiff, without the knowledge and consent of these defendants or either of them, detached or caused to be detached the said memorandum agreement of extension from said note; and erased or caused to be erased the words 'extension of this note is hereby given as per memorandum attached hereto,' so written by him on said note, and obliterated the same from said note.''

Based upon the facts stated in the affidavit with reference to the agreement to extend the time of the payment of the note, the detaching of the agreement from the note and the erasing of the memorandum on the back of the note, the plaintiffs in error assert in the affidavit their conclusion, as a matter of defense therein, that by erasing the memorandum referred to, which was on the back of the note concerning the extension of the time of maturity, and by detaching the memorandum of agreement for an extension of the maturity of the note, that the defendant in error materially and fraudulently altered the note, and that therefore it became void and that he had no legal right to have judgment entered thereon. It is obvious that the defendant in error, by erasing his memorandum concerning the extension of the time made on the back of the note, and by physically detaching the written extension agreement, did not alter the note in question, nor did his action in any way affect the validity or the legal force of the extension agreement. Its legal force and effect was just the same, whether physically attached to the note or not. The alleged defense of a material and fraudulent alteration of the note therefore has no foundation in fact or in law,

The only question which arises from the facts stated in the affidavit of merits and the pleas concerns the effect of the so-called extension agreement, by which the time of the maturity of the note was extended for ninety days. The defendant in error's right to have judgment entered upon the note, however, is based upon the warrant of attorney, which was executed and delivered by the plaintiffs in error in connection with the note in question. By the terms of this warrant the plaintiffs in error irrevocably authorized any attorney of any court of record to appear for them, in term time or vacation, at any time thereafter, to confess a judgment without a process in favor of the holder of the note, for such amount as may appear unpaid thereon, together with costs, and ten per centum attorney's fees. It is well settled that under such a warrant of attorney the holder of the note has a right to have judgment entered at any time after the date of the note, regardless of the time when the note became due. *Farwell v. Huston,* 151 Ill. 239; *McDonald v. Chisholm,* 131 Ill. 273; *Cohen v. Burgess,* 44 Ill. App. 206; *Adam v. Arnold,* 86 Ill. 185; *Sherman v. Baddely,* 11 Ill. 622; *Elkins v. Wolfe,* 44 Ill. App. 376; *Martin v. Summers,* 79 Ill. App. 392; *Alldritt v. First Nat. Bank of Morrison,* 22 Ill. App. 192. In *McDonald v. Chisholm, supra,* it is said: "Conceding that the notes upon which judgment was confessed were not due at the time the judgment was entered, that alone is not a sufficient ground to set aside the judgment. The warrants of attorney attached to the notes authorized the entry of judgment upon them at any time after the date of the notes, and in *Adam v. Arnold,* 86 Ill. 185, it was held that a judgment confessed under a warrant of attorney of that character was valid, although the notes at the time were not due. Whether the fact that the notes were not due appeared from the face of the notes or from a collateral agreement executed at the same time that the

notes were given, can make no difference.'' It is apparent, therefore, that the extension agreement did not in any way affect the right of the defendant in error to have a judgment entered upon the note for the amount payable on the note, and the seventh and eighth pleas, which set forth the same matters as the affidavit of merits, did not constitute a defense to the legal right of the defendant in error to judgment, and the court did not err in sustaining a demurrer to the pleas for that reason. It was proper for the court to abate the amount originally fixed by applying on the principal of the note the $1,500 confessed by the defendant in error to have been received by him in usury, and adding ten per cent of the abated amount for attorney's fees as authorized by the warrant of attorney. *Elkins v. Wolfe, supra; Dulle v. Lally,* 167 Ill. 485. In *Farwell v. Huston,* above cited, it is said: ''This court has held, in a number of cases, that a court of law exercises an equitable jurisdiction over a judgment by confession; that if there is an absence of authority to confess, the debtor will not be forced into a court of chancery to obtain relief, but may move to set aside the judgment before the court of law which rendered it; and that such court of law may open the judgment and permit the debtor to present his defense to the claim, if he have any, * * *. Yet, such relief will not be granted if it appears that the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment is rendered.'' It is not reversible error to strike a plea of the general issue from the files when no matters are shown in the affidavit of merits which would constitute a defense to the action; but the legal propriety of striking the general issue from the files is not properly before us for consideration, there being no bill of exceptions embodying the motion to strike, and the ruling of the court thereon. *People v. Cowen,* 283 Ill. 308; *Beckers v. City of Kankakee,* 213 Ill. App. 538.

The record does not disclose any reversible error and the judgment is affirmed.

*Judgment affirmed.*