## HENRY R. GILLESPIE
### *v.*
## HARVEY ROUT.

1. AGREEMENT—*how construed.* Where a judgment in ejectment by R. against G. had been virtually affirmed by the Supreme Court, and no writ of possession had issued, but G. was still prosecuting a suit in chancery for the land and to enjoin the suit in ejectment; and thereupon the parties agreed by order of record, that G. should retain the possession a year and build a certain fence; that R. should take no writ of possession for a year, and that the agree-

ment should not affect the rights of either in the chancery suit; if G. recovered therein he was to pay no rent for the year, and was "to surrender possession at the end of the year unless said court of chancery in said suit, or the judge of said court should otherwise order:" *Held*, that R. was entitled to a writ of possession at the end of the year unless the court of chancery in that. suit or the judge of said court should otherwise order, and that a new trial could not be had by G., under the statute, in the ejectment suit, or any other proceedings at law. *Held, also*, that by this agreement G. abandoned all legal defenses, and relied only on his equitable rights.

2. JUDGMENTS AND ORDERS—*vacated on motion.* And where, in such case, the Circuit Court had made an order setting aside the judgment in ejectment and granting a new trial, and afterward on motion of R. set aside this order *held*, that there was no error, and that motions of this character are within the equitable jurisdiction of courts of law over their judgments, process, or sales made under their authority.

3. ORDERS—*when may be vacated.* To promote justice, to carry into effect the agreement of parties, and to prevent either from obtaining an unfair advantage of the other, a court of law may vacate an order where unfairly obtained.

APPEAL from the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

The facts in this case appear in the opinion of the Court.

Mr. MURRAY MCCONNEL, for the appellant.

Mr. H. B. MCCLURE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, commenced by Harvey Rout against Henry R. Gillespie, to the May Term, 1861, of the Morgan Circuit Court. Defendant below filed a plea of not guilty, and the cause was continued. At the September Term following this order was entered in the cause:

"By consent of parties this case is to stand continued in this court until the final hearing of the ejectment case of McClure, Lurton and Smith against said Gillespie, decided at the last term of this (circuit) court against said Gillespie, and by him

appealed to the Supreme Court of the State of Illinois.   If the said last mentioned case should be decided by the Supreme Court against Gillespie, by the affirmance of the judgment of this court, then judgment of guilty shall be rendered against said Gillespie in favor of the plaintiff Rout in *this* case, without any trial ; but if said Gillespie shall succeed in reversing the judgment of this court, in said case of McClure and others against him, in the Supreme Court, then *this* case of Rout against Gillespie shall stand upon the docket for trial."

Under the agreement, the cause stood continued, from term to term, until April, 1864, when the cause was called for trial, in the usual course of business, and without reference to the agreement.   A jury was waived, and a trial was had by the court, and a judgment was rendered against appellant.   No further action was taken in the case until the September Term, 1864, when the judgment was set aside, under the statute, a new trial was granted, and the cause re-instated on the docket.

At the March Term, 1865, appellee entered a motion to set aside the order of the preceding term granting a new trial, upon the grounds that, by the terms of the agreement, appellant was not entitled to a new trial, the judgment having been entered as it was insisted under the agreement, the case in the Supreme Court having been decided against appellant, and because appellant had failed to pay the costs, and because it was unauthorized by the following stipulation :

" Henry R. Gillespie is in possession of the following described lands, to wit : (Here the land is described as in the declaration.)   Harvey Rout recovered a judgment in an action of ejectment against said Gillespie for said lands at the last September Term of the Morgan county Circuit Court in the State of Illinois.   Yet no writ of possession has issued upon said judgment, and said Gillespie still retains possession.

" It is now admitted that said Gillespie still claims said land as his own in equity, and has a suit in chancery now pending in said court against said Rout and others, to recover the title to said land, *and to enjoin said suit at law.*

"In consideration of the premises, it is now agreed by and between the said Rout and the said Gillespie, that the said Gillespie shall remain in possession of said land one year from this date, and Rout shall not, during said time, sue out a writ of possession on said judgment; and in consideration thereof the said Gillespie hereby binds himself to build a good rail fence on said land, one-half mile long, on the line dividing said land from the land called the Wallihan and Grierson farm, which fence is to be for the use of the owner of said land herein first above described, and nothing herein shall be so construed as to affect in any way the right of either party in said suit in chancery. And if said Gillespie recovers in said suit in chancery he pays no rent for said year.

"At the end of said year the said Gillespie hereby binds himself to surrender possession of said land to the said Rout, and said Gillespie waives all further notice as to the possession or the right of possession to said land, and the said Rout may sue out a writ of possession upon said judgment, and turn said Gillespie out of said land if he shall fail to surrender the possession at the end of said year, unless said Court of Chancery in said suit *or the judge of said court shall otherwise order.*

"In testimony whereof, said Gillespie has hereunto set his hand and seal, March the 1st, 1864.

                                    "H. R. GILLESPIE."  [Seal.]

In answer to the motion, appellant filed his affidavit and that of his counsel, stating that all costs had been paid before the judgment was vacated. The court set aside the order granting a new trial, leaving the judgment of recovery in full force. This decision of the court below is assigned for error.

Under the express stipulation of the parties to this agreement, appellee was authorized to sue out a writ of possession at the end of the year, unless the Court of Chancery in that suit, or the judge of said court, should otherwise order. This language by any fair interpretation excludes the idea that a new trial could be taken, or that further proceedings at law could be had. By it, we must conclude that appellant only relied upon

his equitable rights, and abandoned all legal defenses.   And the order of the judge obviously refers to the chancellor and a decree rendered by him, restraining appellee from proceeding at law, under his judgment.   If such was not the design, why agree to surrender possession at the end of the year, otherwise appellee to sue out a writ of possession?

It is objected, that the court had no power to restrain appellant from proceeding to a trial of the suit on a mere motion. Under this agreement appellee had no right to sue out execution on his judgment within the year.   And appellant had under it no right to vacate the judgment, and had either party attempted to proceed at law during that time, equity would have restrained them from violating the agreement.   Motions of this character are within the equitable jurisdiction of courts of law, over their judgments, process or sales made under their authority.   And to promote justice, or to carry into effect the agreement of the parties, and to prevent either from obtaining an unfair advantage of the other, a court of law may vacate an order when unfairly obtained.   Such jurisdiction is constantly being exercised by courts of law in the administration of justice, without turning parties over to a court of equity.   The court below, therefore, committed no error in setting aside the order granting a new trial in the cause, and the judgment is affirmed.

*Judgment affirmed.*