Frank E. Scott and Ward Stockton v. L. B. Mantonya.

Frank E. Scott Impleaded with Ward Stockton v. L. B. Mantonya.

1. CONFESSION OF JUDGMENT—*For Rent Due.*—Under a power of attorney contained in a lease, by which the lessee authorizes his attorney for him and in his name, on default by him of any of the covenants of the lease or upon complaint made by the lessor or his assigns, to enter his appearance, waive service of process and confess judgment for any rent which may be due to said lessor by the terms of the lease, with costs and attorney's fees, and also file a cognovit of the amount of such rent, together with costs and attorney's fees, a judgment may properly be confessed for the amount of rent due as shown by the lease, costs, and attorney fees named.

Motion to Vacate Judgment by Confession, for rent due, etc. Error to the Circuit Court of Cook County; the Hons. JOHN GIBBONS and RICHARD W. CLIFFORD, Judges, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed November 18, 1895.

STATEMENT OF THE CASE.

The two cases above entitled, are based upon the same lease. In the first case, judgment by confession for $210 and costs was entered by virtue of a power of attorney contained in the lease. The defendant, Scott, entered a special appearance for the purpose of moving the court to vacate the judgment for want of authority or jurisdiction to enter the same, and for no other purpose. That motion being overruled, he has sued out this writ of error.

In the second case the defendants came into court and moved to vacate and set aside the judgment, and for leave to plead, supporting their motion by affidavits.

Both judgments were entered by confession upon the same lease, the material parts of which, for the purpose of the questions here raised, are in substance as follows:

On the 10th day of March, 1894, the defendant in error, L. B. Mantonya, leased to the plaintiffs in error, Frank E. Scott and Ward Stockton, the fourth floor of the south half

of the Devonshire Apartment Building, No. 374 and 376 Dearborn avenue, to be used for a residence, from the 10th day of March, 1894, to the 30th of April, 1895, plaintiffs in error agreeing to pay as rent during the term, "except in case of fire or other casualty hereinafter mentioned," the sum of $1,190, in monthly installments of $85 each, on the first of each month during said term, the lessor to furnish from November to May, at his own expense, steam heat for the building, and at all reasonable times during the day and evening to furnish hot water for necessary use. It was further agreed that the lessee should pay extra for any unnecessary use thereof.

By the fourth clause of said lease it was provided that the lessee should restore the demised premises with glass of like kind and quality for the several windows and doors thereof entire and unbroken as is now therein, and should not allow any waste of water or any misuse or neglect of water or steam heating apparatus on the demised premises, and should pay for all damage to demised premises, as well as any and all damages to other tenants, by reason of such waste or misuse.

By the fifth clause it was provided that if the lessee should fail to pay the rent at the time and place above mentioned, and in the manner therein provided, and the same should remain unpaid for five days, the lessor or his agents are authorized to declare the term ended, and re-enter the demised premises and expel the lessee; or, in case the premises should be abandoned and remain unoccupied for fifteen days, the lessee authorizes, and requests the lessor to re-enter the same and proceed to re-rent the premises at the lessor's option, and apply all moneys received, after paying expenses, toward the rent accruing on said lease.

· By the sixth clause of the lease it is provided that in case of failure on the part of the lessee to perform any of his covenants, said lease should thereupon terminate at the option of the lessor, and the lessor might re-enter without notice or demand; the rent in such case should become due, be apportioned and should be paid on and up to the date of

such re-possession and re-entry, the lessee waiving all right to any notice to quit possession or any intention to re-enter under the statute, and to be liable for all loss and damage resulting from such violation.

By the seventh clause it was provided that if during the term the building of the demised premises should be destroyed by fire, or the elements, or partially destroyed, so as to render the same wholly unfit for occupancy, so that the same could not be repaired within sixty days, then the lessor and lessee might elect that said lease terminate from the date of such damage or destruction, and the lessee might immediately surrender the demised premises to the lessor, paying rent only to the time of such surrender. And if the demised premises shall be repairable within sixty days of the occurrence of such injury, then the rent shall immediately commence after the repairs shall be completed. But if the premises shall be so slightly injured by fire or the elements as not to render them unfit for occupancy, then the lessor agrees that the same shall be repaired with all reasonable promptitude, and in such case the rent accruing shall not cease or be determined.

By the tenth clause of the said lease it is expressly agreed that if default shall be made in the payment of rent, or any part thereof, and in the covenants and agreements to be kept by the lessee, it shall be lawful for the lessor or his legal representatives, without notice, to declare said term ended, and re-enter said premises or any part thereof, with or without process of law, and expel the lessee, without any prejudice to any remedies or proceedings which might otherwise be used for arrears of rent and breach of covenants, and the said lessee further covenants and agrees with the lessor that he shall have a lien as security for the payment of rent on all of his property.

The power of attorney is as follows:

"The lessee hereby irrevocably constitutes Milton L. Thackaberry, or any attorney of a court of record of this State, his attorney for him in his name on default by him of any of the covenants, or upon complaint made by said lessor

or his assigns, to re-enter his (lessee's) appearance in such court, waive service of process and confess judgment from time to time for any rent which may be due said lessor, or the assigns of said lessor, by the terms of this lease, with court costs and forty dollars attorney's fees, and also file a cognovit of the amount of rent then due, together with court costs and forty dollars attorney's fees, with an agreement therein that no writ of error or appeal shall be prosecuted upon any judgment entered by virtue hereof, or any bill of equity filed to interfere with the operation of said judgment, and to waive and release all errors which may intervene in any such proceeding, and to consent to an immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof."

On March 13, 1895, defendant in error filed a declaration in the Circuit Court declaring for $170 rent due for the space of two months ending on the 10th of March, 1895, and with a cognovit signed by F. E. Makeel, defendant's attorney, confessing judgment for $210, including $40 attorney's fee, and agreeing that no writ of error or appeal should be prosecuted, or bill in equity filed to interfere in any manner with the operation of said judgment, releasing errors, etc. Also, the affidavit of the defendant in error as to the genuineness of the signatures to the lease and power of attorney.

The lease was attached to the declaration and cognovit. Upon this document being presented to the court, it forthwith proceeded to hear evidence as to the amount of rent and attorney's fees due, and after the hearing, indorsed upon the declaration and cognovit, as authority to the clerk, the following: "Judgment entered on within lease for rent and attorney's fees after hearing evidence in open court, March 13, 1895."

BULKLEY, GRAY & MORE, attorneys for plaintiff in error, contended that the only question for this court to determine is, did the Circuit Court have jurisdiction?

Section 66 of the Practice Act provides that "any person

for debt *bona fide* due may confess judgment by himself, or attorney duly authorized, either in term time or vacation, without process."

The authority to confess judgment is clear and explicit, and must be strictly followed. Roundy v. Hunt, 24 Ill. 598; Chase v. Dana, 44 Ill. 262; Tucker v. Gill, 61 Ill. 236; Frye v. Jones, 78 Ill. 627.

The entry of judgment by confession can only be sustained when clearly within the direct terms of the powers granted in the warrant of attorney, without being aided by arguments or extrinsic evidence. Campbell v. Goddard, 117 Ill. 251; Haywood v. Collins, 60 Ill. 336; Spence v. Emerson, 21 N. E. Rep. 966.

The court has no jurisdiction beyond the authority conferred by the warrant of attorney. The power is limited to the identical purposes stated in the warrant. Stein v. Good, 115 Ill. 93; Campbell v. Goddard, 117 Ill. 251; Little v. Dyer, 138 Ill. 272.

RICH & STONE and LEON L. LOEHR, attorneys for defendant in error, contended that a judgment by confession is entitled to all the presumptions in its favor which prevail in the case of ordinary judgments. Bush v. Hanson, 70 Ill. 480; Johnson v. Berlizheimer, 84 Ill. 54; Hanson v. Schlesinger, 125 Ill. 230.

Powers of attorney must be strictly pursued, but are subject to the same rules of construction as other written contracts. Holmes v. Parker, 25 Ill. App. 225.

The rule that the power to confess a judgment must be clearly given and strictly pursued, otherwise the judgment may be set aside at the instance of the defendant, like all other rules, has its reasonable limitations, and must not be applied with such strictness as to defeat the obvious intentions of the party granting the power. Holmes v. Parker, 125 Ill. 478; Keith v. Kellogg, 97 Ill. 147; Holmes v. Bemis, 124 Ill. 453; Packer v. Roberts, 140 Ill. 9; 40 Ill. App. 445.

The form of the lease and power of attorney quoted by plaintiff in error, fully warranted the court in rendering a judgment by confession.

The argument of the plaintiff in error is devoted to a discussion of this question, and the main authority relied upon to establish his contention is the case of Little v. Dyer, 138 Ill. 272.

It seems difficult to reconcile this case with a large number of previous decisions of the Supreme Court. Bush v. Hanson, 70 Ill. 480; Knox v. Winsted Savings Bank, 57 Ill. 330; Adam v. Arnold, 86 Ill. 185; Iglehart v. Morris, 34 Ill. 501; Stuhl v. Shipp, 44 Ill. 133.

Of late years it has been common practice to confess judgments on leases; and this court has upheld such judgments, both before and since the decision in the Little case. Seaver v. Siegel, 54 Ill. App. 632; Werkmeister and Clark v. Beaumont, 46 Ill. App. 369.

On motion to vacate a judgment entered by confession, the question is not whether the judgment shall be vacated for error of law, but whether there exist any equitable reasons for opening the judgment. Knox v. Winsted Savings Bank, 57 Ill. 330; Hempstead v. Humphrey, 38 Ill. 90; Rising v. Brainard, 36 Ill. 79.

On application to set aside a judgment by confession some equitable grounds should be shown. Seaver v. Siegel, 54 Ill. App. 632; Stuhl v. Shipp, 44 Ill. 133; Farwell v. Huston, 151 Ill. 239.

In applications to set aside judgments by default or entered in *ex parte* proceedings, affidavits in support of such applications are to be construed most strongly against the party making the application. It is not sufficient to state facts from which, if proved on a trial, a defense might be inferred. Crossman v. Wohlleben, 90 Ill. 537; Chicago Fire Proofing Co. v. Park National Bank, 145 Ill. 481; 44 Ill. App. 151.

Affidavits of the defendant should controvert or deny the statements set forth in those of the plaintiff. Sandberg v. Temple, 33 Ill. App. 633.

Mr. Justice Waterman delivered the opinion of the Court.

It is insisted that the Circuit Court did not have jurisdic-

tion to enter this judgment, it being urged that it was not authorized to do so by the power of attorney. The power of attorney authorizes a confession of judgment for any rent due by the terms of the lease; the judgment was only for such rent.

Plaintiff in error urges that as the lease obligates the lessee to do many things besides paying the stipulated rent, as to pay all damages caused by waste of water, neglect or misuse of steam heating apparatus, and as the lease might be by the lessor terminated for a failure to comply with any of its terms, the amount due and owing under the lease is uncertain.

If this were so, still by the lease, as the amount of rent is fixed and certain, and the confession and judgment was for rent alone, no evidence was necessary in order to determine for what sum the lease and warrant of attorney authorized a confession of judgment.

The rent due under the terms of the lease was as clearly pointed out as is the sum due in a promissory note payable three years after date with interest payable semi-annually. In either case payments may have reduced the amount which otherwise would be due.

In the present, as in the case of a promissory note, the amount due is shown by the instrument and the efflux of time. If payment has been made, in whole or in part, the defendant may and should show it.

By the lease in question only the stipulated sum of $85 per month is " rent;" all other amounts that may become due under the conditions of the lease, are not rent, but merely damages for breach of covenants. The case at bar is therefore unlike that of Little v. Dyer, 138 Ill. 272.

In that case all the amounts paid by the lessor for water rates and gas bills, and for keeping the premises in a clean and healthy condition, became by such payment " so much additional rent," and due and payable as such; it was thus by the face of the lease there considered apparent that how much " rent " was due could not be determined by an inspection of that document. In the present case the " rent "

is $85 per month, in no event more or less; and for "rent" and nothing else, save attorney's fees, and court costs, does the warrant of attorney authorize a confession; the power is to confess judgment for a certain and specified sum, as in Nichols v. Huyet, 4 Johnson, 423, it is said the power should be.

It does not appear that the evidence heard was concerning, nor is there anything tending to show that judgment was given for, anything but "rent due," as shown by the lease. The judgment was in accordance with the statute under the law as laid down in Bush v. Hanson, 70 Ill. 80, Seaver v. Siegel, 54 Ill. App. 632, and Herkmeister et al. v. Beaumont, 46 Ill. App. 369, and is affirmed.