### Nicholas Goergen v. Kaspar G. Schmidt.

1. JUDGMENTS BY CONFESSION—*When Not Interfered With.*—A motion to set aside a judgment by confession, entered in term time in open court, is an appeal to the equitable powers of the court, and unless it is made to appear that there are equitable reasons for setting aside such judgment, it will be allowed to stand.

2. LANDLORD AND TENANT—*Assignment of Lease Does Not Release Lessee nor Entitle him to Notice of Default by Assignee.*—The assignment of a lease by a tenant with the written assent of the lessor, does not absolve the tenant from any of the covenants of the lease, nor does it give him a right to notice of default on the part of the assignee in the payment of rent.

**Motion,** to vacate judgment by confession. Error to the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 15, 1897.

ARNOLD TRIPP, attorney for plaintiff in error.

WINSTON & MEAGHER, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is a writ of error brought to reverse the action of the Superior Court in entering judgment by confession, in term time, in open court, against the plaintiff in error, and in refusing to set the same aside upon his motion.

A motion to set aside a judgment by confession entered in term time, in open court, is an appeal to the equitable powers of the court, and unless it is made to appear that there are equitable reasons for setting aside such judgment, it will be allowed to stand.   Mumford v. Tolman, 157 Ill. 258; Packer v. Roberts, 140 Ill. 9; Hansen et al. v. Schlesinger et al., 125 Ill. 230; Colson v. Litch, 110 Ill. 504; Hier et al. v. Kaufman, 134 Ill. 215, 225.

The plaintiff in error was the lessee of certain premises, the lease containing a power of attorney to confess judgment for rent due, with $20 attorney's fees.   Plaintiff in error assigned the lease by the following instrument:

"For value received, I thereby assign all my right, title and interest in and to the within lease unto Adam R. Brand, heirs and assigns, and in condition of the consent to this assignment by the lessor I guarantee the performance by said Adam B. Brand of all the covenants on the part of the second party in said lease mentioned.

In consideration of the above assignment and the written consent of the party of the first part thereto, I hereby assume and agree to make all the payments and perform all the covenants of the within lease by said party of the second part to be made and performed.

Witness my hand and seal this 15th day of July, 1895.

NICHOLAS GOERGEN.   [SEAL.]"

By such assignment the lessee was not absolved from any of the covenants of the lease, nor did he acquire a right to notice of default on the part of Brand, the assignee, in the payment of rent.   Grommes v. St. Paul Trust Co. et al., 147 Ill. 634.

No equitable reason for setting aside the judgment was shown.

The judgment entered was within the power of attorney, and was only for the rent earned and due upon the day of the entry of the judgment.   Scott v. Mantonya, 60 Ill. App. 481; Fortune v. Bartholomei, 62 Ill. App. 290, 164 Ill. 51.

The court properly entered the judgment, and rightly

refused to set the same aside or to admit the defendant below to plead and offer a defense upon merits which it was not made to appear there was reason to think existed.

The judgment and order of the Superior Court is affirmed.

MR. JUSTICE GARY.

The doctrine of the line of cases of which Frye v. Jones, 78 Ill. 627, approved in Campbell v. Goddard, 117 Ill. 251, is an example, must be considered abandoned, though not expressly rejected, by the cases cited by Judge Waterman.