## John G. Craig, Plaintiff in Error, v. Chicago Coach & Carriage Company, Defendant in Error.

### Gen. No. 16,915.

1. EVIDENCE—*parol to explain contract.* Where in an action for damages for a breach of warranty contained in a contract for the sale of an automobile, it appears that the words "as per cat." after the word "guarantee" on the margin of the written contract were inserted after the sale and that the word "guarantee" was the only statement of warranty thereon at the time of the sale the plaintiff may show the nature of the guarantee by oral evidence.

2. PRACTICE—*what evidence considered on motion to direct a verdict.* On motion to direct a verdict for the defendant only the proof most favorable to the plaintiff can be considered.

3. PRACTICE—*when testimony rejected on motion to direct a verdict.* On motion to direct a verdict the court cannot reject improbable testimony unless it is contrary to some natural law.

Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed October 3, 1912.

JOEL C. CARLSON, for plaintiff in error.

ELBERT C. FERGUSON, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

Plaintiff in error sued defendant in error in the Municipal Court for damages claimed to have been sustained by reason of an alleged breach of warranty in the sale of an automobile. The plaintiff's claim is that at the time he bought the automobile, the defendant warranted that the automobile would do all the work of the plaintiff, or if not, that defendant would take back the automobile and refund the purchase price, and that it also guaranteed the machine for one year against all defects in workmanship and material. Upon the trial in the court below, when the plaintiff undertook to prove an oral warranty, it was objected to upon the ground that there was a written contract. Plaintiff's counsel claimed that the alleged written contract had been altered after it was signed. The alleged written contract was then produced. It was a paper entitled "contract," signed by defendant, in which it agreed to sell and deliver to plaintiff the automobile in question for $750, with a schedule, in abbreviated form, stating the style of the body, size of wheels, character of top, lamps, tools, painting, trimmings, etc.; and upon the margin, in lead pencil, was written the words "Guarantee as per Cat." In the lower left-hand corner appears also the signature of the plaintiff. There was evidence tending to prove that the words "as per cat." referred to the catalogue, and were added after said contract was signed without the plaintiff's knowledge; and plaintiff's counsel, in offering to prove the oral guarantee above mentioned, claimed the right to make such proof in explanation of the word "guarantee." The trial court refused to admit the evidence thus offered.

There was evidence tending to prove that the automobile broke down nearly every time it was used, and that after it had been repaired by the defendant many times, plaintiff requested the defendant to take back the machine and refund the purchase price. There was no evidence that defendant refused so to do, beyond the facts that it did not do so, (although the plaintiff caused the machine to be placed in a garage subject to the order of defendant) and that this suit was brought. At the close of the plaintiff's case, the court directed a verdict for the defendant, and this writ of error is sued out to reverse the judgment entered upon such verdict.

As the case must be reversed and remanded for a new trial, we refrain from discussing the evidence further than is necessary to state the reasons for our opinion. If it be true, as the evidence of plaintiff's witnesses tended to prove, that the words "as per cat." were inserted in the contract after the sale, and that at the time of the sale the only statement of warranty or guarantee thereon was merely the word "guarantee," then it was competent for the plaintiff to show, if he could, the terms of such guarantee. Fuchs & Lang Co. v. Kittredge & Co., 242 Ill. 88. "Where the agreement in writing is expressed in short and incomplete terms, parol evidence is admissible to explain that which is *per se* unintelligible, such explanation not being inconsistent with the written terms." Quoted from Greenl. on Ev., Sec. 282, in Razor v. Razor, 142 Ill. 375, 379. To the same effect are Ruff v. Jarrett, 94 Ill. 475, and Stone v. Mulvaine, 217 Ill. 40. We think the court erred in not admitting the offered evidence on this point.

With the contract there was offered in evidence the carbon copy made at the same time, and defendant's counsel point out the fact that during the discussion, out of the hearing of the jury, concerning the offer of the plaintiff to prove the oral agreement as to the

guarantee, the trial court said: "I will tell you what I think about it, the jury not being here. The evidence all becomes unbelievable in view of the contract copies;" and this view of the evidence is urged as supporting the instruction to find the issues for the defendant. "In passing upon a motion for a directed verdict the court does not weigh evidence. It looks only to the evidence supporting the claim of the party against whom the motion is directed, and that in the light most favorable to him. Contradictory evidence, however strong, cannot be considered." Balsewicz v. C. B. & Q. R. R. Co., 240 Ill. 238, 244. On such a motion, only proof most favorable to plaintiff can be considered. The court cannot reject improbable testimony, unless it is contrary to some natural law. Zetsche v. C. P. & St. L. Ry. Co., 238 Ill. 240. The plaintiff's evidence, on such a motion, must be "taken to be true." Waschow v. Kelly Coal Co., 245 Ill. 516, 519. "To hold otherwise is to deny to plaintiff the right of trial by jury." Libby v. Cook, 222 Ill. 206, 213. In our opinion, there was evidence in the record fairly tending to prove the plaintiff's cause of action, and it was error for the court to direct a verdict.

For the reasons indicated, the judgment of the Municipal Court will be reversed and remanded for a new trial.

*Reversed and remanded.*