## H. M. Ferguson, Appellee, v. H. Paulman & Company, Appellant.

### Gen. No. 27,593.

1. SALES—*parol evidence to vary time of delivery under written sales contract.* In an action to recover a deposit on the purchase price of an automobile sold on a written contract which provided for delivery "about May 1 to 30," parol evidence is not admissible to show the negotiations preceding the signing of the contract in which it was agreed that delivery should be made not later than May 30, where the contract is intelligible, free from ambiguity, complete in itself and forms the basis of the suit.

2. SALES—*time for delivery under provision for delivery "about" specified time.* A sales contract calling for the delivery of an automobile "about May 1 to 30" contemplates delivery within a reasonable time before or after the last date, where the evidence shows that the car was to be specially manufactured, that the order had to be transmitted and accepted by the manufacturer in another State, that the time was limited, and that the contract was modified after it was signed, and in such case delivery on June 13 was not unreasonable, in the absence of any evidence to the contrary.

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed October 30, 1922. Rehearing denied November 13, 1922.

WILLIAM A. JENNINGS, for appellant.

MEYER MORTON, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant from a judgment in the sum of $500 entered upon the finding of the court. Plaintiff's statement of claim alleged that on April 14, 1921, he deposited with the defendant, who is appellant here, $500 pursuant to the terms of a written contract dated April 2, 1921, whereby plaintiff ordered from defendant a Pierce-Arrow passenger

automobile, with equipment and specifications; that the plaintiff had at all times kept and performed the contract, but that the defendant failed and refused to deliver the automobile by May 31, 1921, as provided by the contract, and failed and refused to return to the plaintiff the $500 or any part thereof.

The affidavit of merits admitted that defendant received the order for the automobile, and agreed to deliver it by placing it f. o. b. carrier at Buffalo, New York, about May 1 to 30, 1921; alleged that the same was placed on board at Buffalo on or about that time, as agreed, of which it informed plaintiff, and that plaintiff refused to accept delivery and to pay for the same; that delivery of the automobile was tendered at Buffalo, New York, on June 13, 1921, and that defendant was at all times within the time stipulated in the contract ready, able and willing to deliver the automobile upon payment of the balance of the purchase price.  The affidavit of merits further alleged that defendant was engaged in the business of buying and selling automobiles for profit, and that it suffered damage and loss of profit on the automobile exceeding $500 by plaintiff refusing to accept the same.

The contract was offered by plaintiff and received in evidence as plaintiff's exhibit 1.  It is dated April 1, 1921, and provides for the purchase of the automobile in question, recites conditions of the order, and states that it is agreed that the order is subject to the approval and acceptance of the Pierce-Arrow Motor Car Company of Buffalo, N. Y., and the price is $8,000 plus $75 freight.  It provides that the balance is to be paid on notification that the purchaser is ready for delivery; that "shipment is to be made f. o. b. Buffalo, New York, on or about May 1 to May 30, 1921." It appears to have been accepted by H. Paulman & Company, the agents, on April 2, 1921, and was approved and accepted by the Pierce-Arrow Motor Car Company on April 12, 1921.  There also

appears stamped upon the face of the contract, ''Paid $500 deposit April 14, 1921. H. Paulman & Company, per E. Olson.'' It also appears from the evidence that the $500 deposit was made on that date.

Over the objection of defendant the court permitted the plaintiff to testify that the contract as first made provided that the delivery was to be ''as soon as possible'' and that plaintiff said to the agent of the defendant, ''The words 'as soon as possible' don't mean anything to me. You have been representing that you can deliver the car by May 15th,'' and that he told defendant's agent that he wanted the car by the 15th, to which the salesman replied that ''there might be some unavoidable delay, and that was rather a short time,'' or something to that effect; that the witness then said, ''Well, I want it on the day you are saying you are going to deliver it, and I will give you permission to deliver it May 30th, then I will give you fifteen days more grace, but I want it on that date.''

The witness was further permitted to testify that he then handed the contract to Mr. Howe, the agent of defendant, who took it to a stenographer, and had the words ''as soon as possible'' erased, and brought it back changed from the 1st to the 30th of May. The witness further testified that the contract was signed after this change was made. All this testimony was objected to by the defendant as varying the terms of the contract, but the objection was overruled by the court, and defendant excepted.

June 1, 1921, plaintiff wrote defendant as follows: ''Inasmuch as you have not complied with the contract and delivered my car on or previous to May 31st, you will please return my check for $500, and oblige.'' At that time plaintiff had not received notice that the car was ready for delivery. June 3, 1921, defendant wrote a letter to the plaintiff informing him that the automobile would be in Chicago on the following Monday, and by a later letter defendant

informed plaintiff that the bill of lading covering the shipment of the automobile had been received, and that the automobile left Buffalo June 13, and that application had been made to the Secretary of State for an automobile license number for the car.

It further appeared from the evidence that while the original contract provided for a deposit of $1,000, it was afterwards changed to $500; that after the contract was drawn it was further modified to provide that the color should be "lemon yellow"; that the color scheme was decided upon, and the words "lemon yellow" written in the contract sometime after it was signed, plaintiff at the time of signing having received several samples of color, and not notifying defendant of the color wished until by letter dated April 6, 1921, he stated that he wished the color of the automobile to be "lemon yellow."

It also appeared that the plaintiff had knowledge that the car was to be manufactured by the Pierce-Arrow Motor Car Company, at Buffalo, New York, and that the defendant was only an agent for the manufacturer.

The defendant asked the court to hold as a proposition of law, "that time was not of the essence of the contract received in evidence in this case, and that under the contract and the modifications thereof, that a reasonable time for the tender of the delivery of the automobile in question was the 14th day of June, 1921." The court refused so to hold.

The appellant invokes the rule as set forth in many cases, and as well stated in *Ford Motor Co. v. Osburn*, 140 Ill. App. 633, p. 643:

"It is fundamental that when a contract is reduced to writing it is conclusively presumed that the written instrument expresses the entire contract between the parties, and that all prior and contemporaneous negotiations in respect to the subject-matter of the contract are excluded. *DeWitt v. Berry*, 134 U. S. 307, 315; *Seitz v. Brewers' Refrigerating Machine Co.*, 141

U. S. 510; *Ramming v. Caldwell*, 43 Ill. App. 175, and cases cited."

It is claimed that under this rule the oral evidence objected to was inadmissible, and we think this point is well taken. Appellee, however, argues to the contrary, and cites in support of his contention: *Atlantic Terra Cotta Co. v. Masons' Supply Co.*, 180 Fed. 332; *Craig v. Chicago Coach & Carriage Co.*, 172 Ill. App. 564; *Jenkinson v. Monroe Bros. & Co.*, 61 Mich. 454; *Cedar Rapids Nat. Bank v. Carlson*, 156 Iowa 343. These cases lay down known exceptions to the general rule, viz., that oral evidence is admissible to show what documents in fact constituted the contract, to explain incomplete terms or an ambiguous clause, and that where the suit or defense is not based on the written contract, the general rule is not applicable. No one of these circumstances exist in this case. The contract is written, intelligible, unambiguous, complete, and forms the basis for plaintiff's suit. It is a general rule that in the construction of contracts such meaning should be given thereto as will, if possible, give the natural and proper meaning to each word used by the parties.

The oral evidence offered by the plaintiff, and received over defendant's objection, tends to eliminate from the contract the word "about." We cannot assume that this word was used without any purpose. It is a word well defined in the standard dictionaries. It may refer to quantity, quality or time. Here it is used to define the time within which the article sold was to be placed on the cars at Buffalo. It does not mean exactly at one of the dates mentioned. It means near to or in close proximity to such time. It clearly indicates that the parties to the contract could not fix a definite time or date, and that some allowance is to be made for contingencies which might arise after the making of the contract, since the automobile was to be of a special manufacture. The case seems to turn

on the meaning to be given to this word "about" as used in the contract.

As a legal proposition we think the only construction which can be given to the word is that it was the intention of the parties that the automobile was to be placed on the cars at Buffalo on some date near to May 1 to 30, and that, necessarily, it would mean a reasonable time before or after, to be determined by all the circumstances. The burden of proof was on the plaintiff, and there is no evidence tending to show that the time at which the automobile was placed on the car was unreasonable. We therefore think the court erred in admitting the oral evidence to vary the terms of the written contract; and as the finding was evidently based upon such oral evidence, erroneously admitted, the judgment must be reversed. It is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*

McSURELY, P. J., and DEVER, J., concur.