SHAW v. MERRITT.

Opinion delivered February 1, 1926.

1. CORPORATIONS—LIEN ON STOCKS.—The effect of Acts 1923, p. 515, amending § 1720 of Crawford & Moses' Digest, is to deprive corporations, including banks, of the lien which they theretofore had on the shares of their shareholders to secure any indebtedness due from the shareholders to the corporation itself.

2. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACTS. —Acts 1923, p. 515, amending § 1720, Crawford & Moses' Dig., in providing that such amendatory act should be deemed to be retroactive, is invalid, in so far as it attempted to affect existing liens of banks on the shares of their shareholders.

3. BANKS AND BANKING—LIEN ON STOCK FOR DEBTS DUE.—Under § 687, Crawford & Moses' Dig., giving a bank a lien on the stock of its shareholders for all debts due to the bank, the word "due" refers to any enforceable obligation to pay money, whether matured or not.

4. BANKS AND BANKING—LIEN ON STOCK—WAIVER.—The fact that a bank, having a lien on a shareholder's stock for a debt due to it, waived its lien as to one creditor of such shareholder does not estop it from claiming its lien against another creditor.

Appeal from Craighead Chancery Court, Eastern District; *J. M. Futrell*, Chancellor; affirmed.

*Lamb & Frierson*, for appellant.

*Hawthorne, Hawthorne & Wheatley*, for appellee.

SMITH, J. This appeal is from a decree rendered on an agreed statement of facts, from which we copy the following recitals:

Mrs. Jennie Shaw recovered a judgment at the February, 1923, term of the circuit court for the Lake City District of Craighead County against T. M. Merritt for the sum of $500, with costs and interest from January 13, 1921, that being the date of the note sued on, and in an effort to collect the judgment caused execution to be levied on fifty shares of the capital stock of the Bank of Black Oak (hereinafter referred to as the bank) as the property of Merritt. At the sale of this stock under the execution Mrs. Shaw became the purchaser, and, upon the bank refusing to transfer the stock on its books to her, she brought this suit to compel that action. The

court found that on January 1, 1923, Merritt was indebted to the bank in a sum exceeding $4,000, a sum largely in excess of the value of the stock, and that the bank had a lien upon said stock to secure the payment of the obligations of Merritt to it.

Upon this finding the court decreed that the bank had a lien on the stock which was prior in time and equity to that which Mrs. Shaw obtained by the levy of the execution, and that Mrs. Shaw was entitled to the stock under the execution sale, but that she took it subject to the bank's lien, and this appeal is prosecuted by Mrs. Shaw to reverse that decree.

For the reversal of the decree appellant cites act 627 of the General Acts of 1923, page 515, which amends the general banking act. Section 16 of this amendatory act repeals §§ 685, 687, 726, 727, 1732, 1733, 1734, 1735, and 1736, C. & M. Digest, and amends § 1720, C. & M. Digest, to read as follows: "Section 1720. The stock of every such corporation shall be deemed personal property, and be transferred only on the books of such corporation in such form as the directors may prescribe."

The section amended prior to the amendment read as follows: "Section 1720. The stock of every such corporation shall be deemed personal property, and be transferred only on the books of such corporation in such form as the directors shall prescribe; and such corporation shall at all times have a lien upon all the stock or property of its members invested therein for all debts due from them to such corporation."

Without commenting on the entire effect of this amendatory act, it may be said that it deprives corporations, including banks, of the lien which they theretofore had on the stock of the shareholders to secure any indebtedness due from the shareholders to the corporation itself.

In addition, § 20 of the amendatory act provided that each and every part of the amendatory act shall be deemed to be retroactive to the date when act 113 of the

Acts of the General Assembly of 1913 took effect, except only in so far as any part of the act was expressly made to take effect at a subsequent date, with an exception in favor of the *ex parte* liquidation of the affairs of an insolvent bank.

The indebtedness of Merritt both to the bank and to appellant, Mrs. Shaw, was incurred long since the act of 1913 became effective, so that the amendatory act of 1923 applies to these transactions if the amendatory act can be given a retroactive effect in regard to them.

It is argued by appellant that the act of 1923 should be sustained, and that, when sustained, it displaced or destroyed the lien of the bank. In support of the validity of the retroactive feature of the act, it is argued (a) that the right to change the charter of a corporation exists, provided no injustice is done the corporation; (b) that a lien is merely a part of the remedy, and may be changed or abolished even by a retroactive statute; (c) that banks are so far subject to the police power, because of the important public character of the business in which they engage, that it is not a disturbance of vested rights to deprive a bank of a lien on the stock of its shareholders securing debts due itself.

We do not agree with learned counsel for appellant in these contentions. There is no question about the right of the General Assembly to enact that corporations shall not hereafter have a lien on the stock of the shareholders; but it is an entirely different matter to say that such legislation may disturb rights which have already vested. That a bank had a lien on the stock of the shareholders to secure an indebtedness due it prior to the amendatory act of 1923 is unquestioned. Section 1720 of the chapter on corporations, in C. & M. Digest, gave this lien to all corporations, and in the case of *Oliphint* v. *Bank of Commerce,* 60 Ark. 198, it was held that the corporation's lien is superior to that acquired by an execution creditor, and in the case of *Springfield Wagon Co.* v. *Bank,* 68 Ark. 235, it was held that the lien of a bank was not displaced by

subsequent levy of execution on the owner's stock. See also *Young Coal Co.* v. *Hill,* 112 Ark. 180; *Merchants' & Farmers' Bank* v. *Citizens' Bank,* 125 Ark. 131; *Bank of Searcy* v. *Merchants' Grocer Co.,* 123 Ark. 403.

In addition, § 687 of the chapter on banks and banking, C. & M. Digest, gave any bank a lien on the stock of its shareholders for all debts due from them to such bank.

At the time the indebtedness from Merritt to the bank was incurred this lien was a security given by law to enforce payment, and was, of course, a right of value to the bank. This lien was of statutory creation, but it existed, and was an enforceable right, with reference to which banks contracted in making loans to its stockholders.

Section 687, C. & M. Digest, a section of the chapter on banks and banking, repealed by the amendatory act of 1923, provided that this lien could not be waived in favor of third parties except in writing, signed by one of the executive officers of the bank, who was in no way interested in the waiver.

In the case of *Robards* v. *Brown,* 40 Ark. 423, it was said: "The laws which are in force at the time when, and the place where, a contract is made and to be performed, enter into and form part of it. * * * But the Legislature cannot, under the guise of legislating upon the remedy, in effect impair the obligation of contracts. The idea of right and remedy are so intimately associated as often to be inseparable. Now, any legislation which deprives a party of a remedy substantially as efficient as that which existed at the making of the contract does impair its obligatory force."

We perceive no reason why banks, because of the character of their business, should be denied the protection of the law against the impairment of their contractual rights, and we conclude therefore that the lien of the bank on the stock of Merritt has not been displaced by the act of 1923.

Appellant insists that the lien of the statute referred to did not inure to the benefit of the bank because that

indebtedness had not matured and become payable at the time of the levy of the execution on the stock.

The agreed facts are that Merritt's indebtedness to appellant, Mrs. Shaw, was evidenced by a note dated in 1921, and matured before indebtedness to the bank had matured, but it was also agreed that on January 1, 1923, Merritt was largely indebted to the bank, although the indebtedness did not mature and become payable until the fall of that year. But, notwithstanding the fact that the indebtedness from Merritt to the bank had not matured at the time of the sale of the stock under the execution, the indebtedness was nevertheless "due" the bank within the meaning of the statute giving the lien, for the indebtedness was due the bank from the time it was incurred.

In 19 C. J., page 818, are found citations to many cases defining the word "due." The text reads as follows: "According to the consensus of judicial opinion, the word has a double meaning: (1), that the debt or obligation to which it applied has by contract or operation of law become immediately payable; (2), a simple indebtedness, without reference to the time of payment, in which it is synonymous with 'owing', and includes all debts, whether payable *in praesenti* or *in futuro*. In its larger sense, the word is often used to cover liabilities, matured and unmatured, or as importing an existing obligation, whether the time of payment has arrived or not. This distinction being observed, the word has been defined variously as meaning indebted; owed; justly owed; owing; owing and demandable; owing and immediately payable; owing and now payable; owing and unpaid; owing, although not presently payable; owing to; payable; payable now or hereafter; presently payable; remaining unpaid; mature; overdue; capable of being justly demanded, or justly claimed. Also it may mean fulfilling obligation; just and proper; proper; suitable; appropriate; fit; or according to rule or form."

The note to the text quoted gives citation to cases which lead us to the conclusion that the word "due", used

in our statute giving a lien, refers to any enforceable obligation to pay money. The lien at all times existed to secure the indebtedness, although the lien did not become enforceable until the obligation matured.

It is finally insisted that the bank had waived its lien, and is estopped to assert it against appellant. The basis of this contention is that Merritt had used a portion of his stock in appellee bank as collateral to a loan which he obtained from the First National Bank of Monette, and when that loan matured appellee bank paid it, and had Merritt's stock surrendered to it by the Monette bank.

The chancery court held that appellee bank had no lien on the stock to secure the sum paid the Monette bank to obtain its release. But appellee does not complain of this holding, and we need not therefore consider whether it was in fact entitled to a lien to secure this sum. Other indebtedness from Merritt to appellee bank largely exceeds the value of the stock. Appellee bank had collateral from Merritt for this loan, but it has proved to be largely worthless.

We do not think this transaction or any other testimony in the record sustains appellant's contention that the bank had waived its lien, or had estopped itself from asserting it. As we have seen, § 687, C. & M. Digest, prohibited waiver of the lien in favor of third parties except in writing, signed by an executive officer of the bank; and that was not done here.

If it be said that appellee bank, by paying the bank of Monette the sum due that bank and secured by the stock deposited with it as collateral, thereby waived its lien in favor of the Monette bank, it may be answered that, if this be true, such waiver would not inure to appellant's advantage. The payment to the Bank of Monette by appellee bank was made May 15, 1923, which was long after the indebtedness due her by Merritt was incurred, and there is no showing that she knew of this transaction, or was in any manner influenced by it.

We conclude therefore that the decree of the court below is correct, and it is affirmed.