**First National Bank of Kirkwood, Illinois, Appellant, v. Marcellus Galbraith et al., Appellees.**

**Gen. No. 8,626.**

Opinion filed May 25, 1933. Rehearing denied July 6, 1933.

SAFFORD & SOULE and R. B. O'HARRA, for appellant.

JOHN J. KRITZER, JAMES W. CLENDENIN and SCOFIELD & BELL, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from an order of the circuit court of Henderson county vacating a judgment obtained by the appellant against the appellees under their warrant of attorney. The warrant of attorney is printed on the back of the promissory note executed solely by one C. A. Hedges, on October 6, 1931, for $9,390.04 payable one year after its date to the order of the appellant.

Referring to the face of the instrument, that is without regard to the warrant printed on the back thereof, the note is a judgment note in the usual form of notes so designated. Owing to the contention made by the parties, it is well to consider one provision of the note proper, namely, "and to secure the payment of said amount, we hereby authorize, irrevocably, any attorney. of any court of record to appear for us in any court, in term time or vacation, at any time hereafter, and confess a judgment without process in favor of

the holder of this note for such amount as may appear to be unpaid thereon, etc.''

At the top of the warrant of attorney signed by the appellees there appears written in ink as follows: ''C. A. Hedges,'' and underneath the name, ''October 6, 1932.'' This warrant of attorney provides in part as follows: ''For value received, we, the undersigned, do hereby jointly and severally guarantee the payment of the within note at maturity, in accordance with its terms, or if such maturity is extended, its maturity at any time thereafter, with interest at 7% etc.'' The guarantors waive all demand, notice, protest and notice of protest; that the extension of the time of the payment of the note shall not discharge persons ''secondarily liable.'' Further, ''To secure the payment of said amount due or to become due hereunder, the undersigned, and each of them hereby authorizes irrevocably any attorney of any court of record to appear for the undersigned or anyone or more of them in such court, in term time or vacation, and at any time hereafter and confess judgment without process in favor of the legal holder of this note for such amount as may appear unpaid thereon, together with costs and reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceeding and to consent to immediate execution upon such judgment, hereby ratifying and confirming all that the said attorney may do by virtue hereof.''

On February 23, 1932, the appellant filed with the circuit clerk of Henderson county its declaration in the usual form when based on a guaranty; the note, an affidavit of the execution of the guaranty and of the amount unpaid on the note, and a cognovit, were attached to the declaration. The affidavit states that the consideration of the guaranty was ''money loaned and advanced and guarantee of bank deposits.'' On the same date the clerk entered judgment against the

appellees for $9,609.14. No judgment was taken against C. A. Hedges.

At the March term of said court, 1932, the appellees filed a motion to redocket the case and to vacate the judgment on the ground that it was void; that in the event the judgment be held not void and be set aside that the judgment be opened and the appellees be given leave to plead. The motion was supported by the affidavit of one of the appellees, and the showing made by the motion was that the declaration alleged that appellees had guaranteed payment of the note at maturity and that the note was not due when judgment was entered; that the attorney who filed the cognovit was without authority to file the same on the date of the judgment. The motion further set forth that the note was the personal obligation of Hedges and not of the appellees; that the only consideration for the guaranty was that the note was not to mature before a year after its date, and that by taking judgment before the maturity of the note, the appellant had breached the contract, vitiated the sole consideration of the giving of the guaranty, thereby releasing the appellees; that therefore the appellees had a good and meritorious defense to the whole of the appellant's claim.

On the hearing on this motion in open court the appellant, at the close of the argument of counsel for appellees, offered to prove that the writing on the back of the note, reading, ''C. A. Hedges, Oct. 6, 1932,'' just above the printed guaranty, was placed there by a clerk in appellant's bank as a memorandum only, in accordance with a custom of that bank, after the note and guaranty with power of attorney had been executed by all the parties and delivered to appellant. The court refused to permit this proof to be made and sustained a motion to strike the offer. No other evidence was offered by either side.

On December 2, 1932, at the October term, the circuit court sustained appellees' motion to vacate the judgment on the ground that it was prematurely taken, held the judgment void for that reason and vacated the judgment as void.

The original note and the warrant of attorney on the back thereof, have been, by certificate and order of the trial judge, certified to this court for inspection and are in the custody of the clerk of this court.

By many decisions of our Supreme Court and Appellate Courts, it is well established law in this State that judgment is not prematurely taken on a warrant of attorney, forming a part of a promissory note, for the amount unpaid on the note, although the note is not due by its terms, where the warrant provides that judgment may be taken at any time after the date of execution of the note. *Farwell v. Huston,* 151 Ill. 239; *McDonald v. Chisholm,* 131 Ill. 273; *Adam v. Arnold,* 86 Ill. 185; *Great Western Hat Works v. Pride Hat Co.,* 224 Ill. App. 249; *St. Clair v. Goldie,* 244 Ill. App. 357.

Under such terms of the warrant of attorney, the debt by the express stipulation of the parties, is due for the purpose of judgment at any time after the date of the note. *Alldritt v. First Nat. Bank of Morrison,* 22 Ill. App. 192. And this is so although at the bottom of the note there is a memorandum of its due date. *Martin v. Summers,* 79 Ill. App. 392. Where a warrant of attorney in a note authorizes any attorney to appear "at any time" and confess judgment for the amount of the note and interest then due, the words, "then due" do not limit the power to confess judgment at any time, but they relate exclusively and clearly to the time when the power is exercised. *Elkins v. Wolfe,* 44 Ill. App. 376.

The right of the payee of a note to take judgment under the conditions above mentioned has been for a

long time recognized by our courts and generally understood by lawyers, bankers, and business men. In fact, that the law in this State is as above stated, is not disputed by either party to this appeal. Examining the warrant of attorney signed by the appellees, we note that by the terms thereof they authorize any attorney of record to appear for them in such court, in term time or vacation, ''and at any time hereafter,'' to confess judgment for such amount as may appear unpaid thereon. Unless the context of the guaranty forbids (or unless the terms thereof are ambiguous and an extrinsic evidence manifests a contrary intention of the parties), we feel bound to hold that the guaranty was ready for judgment for the amount unpaid thereon at any time after the date of its execution. No ambiguity appears in the guaranty justifying the introduction of extrinsic evidence for the purpose of making clear the intention of the parties in this behalf.

As appears from the offer by the appellant to prove that the writing at the top of the guaranty, namely, ''C. A. Hedges,'' ''October 6, 1932'' was placed there after the signing of the guaranty, there exists a dispute of the question of fact when such writing was placed on the guaranty. If the date appearing on the guaranty is a controlling or material factor in the process of construing the guaranty to ascertain if the judgment was prematurely taken and therefore void, we apprehend that, in this case, the hearing on the motion to set aside the judgment was not of such a rigid or summary character as to deny the appellant the right to introduce evidence to show when the writing was made.

We have considered the legal proposition made by the appellees that counter-affidavits are not to be filed under a general motion to vacate or open a judgment. This is true if the substance of the counter-affidavits

relates to the merits of the case in which the judgment was rendered. If the question for the court, under such a motion, does not go to the merits of the case and the order of the court would be final on the *ex parte* hearing, and the question could not be again tried after the judgment was open, counter-affidavits are admissible. *Gilchrist Transp. Co. v. North Grain Co.,* 204 Ill. 510.

However, it is contended by the appellees that such evidence would contradict or alter the written terms of the guaranty. We are also mindful of the rule that the date of a contract in writing cannot be varied by parol testimony where the date is a material part of the contract, so that to vary the date would alter the rights of the parties. (*Ehrmann v. Stitzel,* 121 Ky. 751, 90 S. W. 275; *Joseph v. Bigelow,* 4 Cush. (59 Mass.) 82.) Nevertheless parol evidence has been held admissible to prove alterations, erasures and mutilations of written instruments as such evidence does not conflict against the general rule prohibiting the admission of parol evidence varying the terms of a written contract. *Craig v. Chicago Coach & Carriage Co.,* 172 Ill. App. 564; *Isador v. Harris,* 217 Ill. App. 133. In the case of *VanZandt v. Hopkins,* 151 Ill. 248, it is held that parol evidence is admissible to prove when and for what purpose a memorandum was made upon a note. In the case at bar, the purpose of the evidence offered was not to vary the terms of the contract, but to show that the alleged memorandum was not a part of the guaranty when it was executed and delivered.

. The agreement of the appellees is an absolute guaranty of payment of the amount of the note at its maturity if the payer failed to do so. There was an absolute liability of the appellees to pay the principal and interest of the note although the time of its payment was postponed to October 6, 1932. *Beebe v. Kirkpatrick,* 321 Ill. 612. The time when the guaranty was dated and executed did not go to the merits of the

question of the absolute liability of the guarantors. The motion to vacate the judgment alleged that the judgment was prematurely taken because the note was not due until October 6, 1932. Nothing appeared in the motion from which it could be understood that the date appearing on the warrant of attorney of the appellees would be relied upon as an element governing the time when judgment could be taken against the appellees under their guaranty. It is also observed that the offer of the appellant to introduce the aforesaid evidence was made after the argument made by the appellees in support of their motion. There was no denial in the motion or in the affidavit attached thereto of the allegation of appellant's declaration that the note and guaranty were signed on the same day and as a part of the same transaction. Under the allegations of the motion a question of law was presented involving the legal construction of the guaranty. *People ex rel. O'Connell v. Noonan,* 276 Ill. 430.

Courts exercise an equitable jurisdiction over judgments entered by confession on warrants of attorney, and a motion to open or vacate such a judgment, is addressed to the discretion of the court. *Lake v. Cook,* 15 Ill. 353; *Gillespie v. Rout,* 39 Ill. 247; *Fitzgerald v. Power,* 225 Ill. App. 118; *Whalen v. Billings,* 104 Ill. App. 281; *Goergen v. Schmidt,* 69 Ill. App. 538; *Nitsche v. City of Chicago,* 280 Ill. 268. If the appellees had filed a bill in equity to enjoin further proceedings under the judgment, and during the hearing on the bill it transpired that matters material to a decision were not presented by the pleadings, it cannot be doubted that leave would have been granted to amend the proper pleadings to permit the introduction of evidence to apprise the court of all of the facts in the case.

We are of the opinion that the evidence offered was admissible if the date written on the guaranty limited the right of the appellant to take judgment under the

warrant of attorney before maturity of the note. *Milligan v. Holbrook,* 168 Ill. 343; *Delsman v. Friedlander,* 40 Ore. 33, 66 Pac. 297. As will hereafter appear, the date written on the guaranty was a material part thereof, and the evidence offered by the appellant should have been admitted by the court under such terms as would have allowed the appellees to controvert such evidence by proof, if they so desired.

The guaranty of the appellees was an absolute obligation to pay the note at its maturity, if the note was not then paid by the maker and thereby canceled. (*Beebe v. Kirkpatrick, supra.*) The word "due" may express the same meaning as the word "owing." *Elkins v. Wolfe,* 44 Ill. App. 376; 19 C. J. 818; *Shaw v. Merritt,* 170 Ark. 338, 279 S. W. 1016. In this sense of the word, there was due from the guarantors the amount of the note although the note had not reached maturity. The word "due" may be employed to designate the time of payment of a debt. It seems inconsistent to use the word "due" as meaning the time of payment and subsequently authorize a confession of judgment at any time "hereafter." Furthermore, by the use of the word "due" with the terms "or to become due," it is reasonable to suppose that this alternative gives the appellant the right to take judgment at maturity of the note or before its maturity, although from the context of the guaranty the word "due" might be construed, as contended by appellees, as meaning the time of payment. *Farwell v. Huston,* 151 Ill. 239. We think the words of the guaranty, "at any time hereafter" must be held to relate and refer to the date October 6, 1931. *Thomas v. Mueller,* 106 Ill. 36. As the matter appears from the record, the date Oct. 6, 1932, is a part of the guaranty. (*VanZandt v. Hopkins, supra.*) If the guaranty was in fact executed on the date of the signing of the note, that date would be controlling and judgment could be taken under the

warrant of attorney of the appellees on any date thereafter. That a warrant of attorney may be so worded as to prevent the taking of judgment before maturity of the note, is established by the cases. *Baering v. Epp,* 247 Ill. App. 51; *Harris v. Bernfeld,* 250 Ill. App. 446.

"The rule that the power to confess judgment must be clearly given and strictly pursued, . . . like all other rules, has its reasonable limitations, and must not be applied with such strictness as to defeat the obvious intentions of the party granting the power." *Holmes v. Parker,* 125 Ill. 478. For the reasons above stated the judgment of the circuit court of Henderson county is hereby reversed and the cause remanded to the said court for new trial.

*Reversed and remanded.*